———o———

Wm. Barr, *et al.*, Appellants, *vs.* Eliza R. Cubbage, *et al.* Respondents.

1. *Equity.—Trust funds, diversion of—Cestuis que trust—Third parties.—* Third parties cannot for their own protection require the *cestuis que trust* to pursue the proceeds of trust funds in other investments; the *cestuis que trust* have their option to do so, or to hold the trustees liable.

2. *Administration—Executor de son tort—Contracts, enforcement of—Third parties.—*Third parties cannot call upon an administrator to carry out contracts, which they have made with an administrator *de son tort* of the same estate.

*Appeal from St. Louis Circuit Court.*

*Hendershott & Chandler*, for Appellants.

The plaintiffs standing in the shoes of the residuary legatee as to the partnership estate, are entitled to enforce due performance of all trusts under the will, necessary for the preservation of their legacy. (Story's Eq. Jur. (Redf. Ed.) § 424 citing numerous cases.)

" Courts of Equity have an original, inherent and independent jurisdiction *to relieve against every species of fraud*, not being fraud of a penal nature." (Kerr on Fraud and Mistake, 43.)

The plaintiffs having been deceived and defrauded by the wife, are in equity entitled to have the legal powers of the administrator so employed, as to restore them as nearly as possible to the same position they occupied before the fraud was practiced upon them. (Kerr on F. & M., 47-8.)

*Dryden & Dryden and M. Kinealy*, for Respondents.

Where by statute the executor is required to file a bond in order to qualify, if the person named as executor fails to give

bond he will have no rights whatever as such. (Carter's Exrs. vs. Carter, 10 B. Monroe, 327 ; Mitchell vs. Rice, 6 J. J. Marshall, 627 ; Robertson vs. Gaines, 2 Humphreys, 381 ; Uldrick vs. Simpson, 1 S. C., 283 ; Munroe vs. James, IV. Muhnferd, 201 ; Perry on Trusts, 244.)

The plaintiff cannot compel either the minors or the administrator to resort to a suit against Mrs. Cubbage, or to the property in her possession. If Mrs. Cubbage has any property, let them resort to their plain legal remedy and recover back their ten thousand dollars.

Mrs. Cubbage cannot be deemed to have received the money as a trustee, for the purpose of making the investment directed by the sixth clause of the will, because that was an investment to be made by the *executors as such.* (Hall vs. Mackay, 9 Pick., 395 ; Perkins vs. Moore, 16 Ala., 9.)

VORIES, Judge, delivered the opinion of the court.

The plaintiffs in their petition charge the following facts as ground of relief in equity :

That on the 19th day of March, 1866, plaintiffs and said Edward J. Cubbage, deceased, entered into a co-partnership as dry goods merchants, to commence on the 1st day of January, 1866, to continue for two years; that amongst other things it was provided by their articles or agreement of partnership, that in case of the death of one or more of the partners before the expiration of the term of said partnership, that said partnership should not thereby be dissolved, but should continue and be carried on by the surviving partners during the said term, and that in such case the representatives in interest of such deceased partner, should not have or possess any power or authority over or interfere with the business, but the successors should be entitled to receive from the firm at the rate of not exceeding eight thousand dollars per annum.

That after said partnership business had been carried on for some time, to-wit : On the 3rd day of April, 1866, the said Edward J. Cubbage died ; that before his death he made his last will and testament, by which he disposed of his property and estate as follows:

"*First.* I do hereby order and direct my executors herein-after named and appointed, to pay all my just debts and funeral expenses, so soon as the same can be conveniently done after my death."

"*Second.* I give unto my wife Eliza R. during her lifetime, the sole and exclusive use, benefit and behoof of all and singular, the real estate, of which I shall die the owner, wheresoever the same may be situated."

"*Third.* I give, devise and bequeath unto my said wife Eliza R., absolutely for her sole, exclusive use, benefit, and advantage, all and singular, my personal estate, of whatever kind and nature the same may be, or wheresoever the same may be situated, except as hereinafter mentioned and directed."

"*Fourth.* Upon the death of my said wife Eliza R., and as soon thereafter as the same can be conveniently done, it is my will, and I do hereby order and direct the surviving executor of this, my last will and testament, to sell and dispose of all the real estate of which I shall die the owner, wheresoever the same may be situated, to the best advantage for cash, and the proceeds arising from such sale or sales of my said real estate, after deducting therefrom all just and proper costs and expenses, it is my will, and I do hereby order and direct my said executor immmediately thereafter to pay my two children, Catherine and James R., the same, to be divided between them, share and share alike."

"*Fifth.* It is my will, and I do hereby order and direct my executors, in last clause named, upon the sale and sales (if any) of my real estate being completed, to make, execute and deliver, or cause to be made, executed and delivered, good and sufficient conveyance and conveyances (if required) in the law to the purchaser or purchasers, at said sale or sales."

"*Sixth.* It is my will, and I do hereby order and direct my executors hereinafter named, immediately after my death to safely and securely invest the sum of ten thousand dollars to and for the following uses and purposes exclusively : They shall appropriate and expend the entire income arising there-

from for the purpose of educating, clothing and maintaining my said two children, Catherine and James R., until they shall have respectively arrived at the age of twenty-one years, and when they shall have respectively arrived at the age of twenty-one years, then it is my will, and I do hereby order and direct my said executors to pay to each of them, upon his or her arrival at said age, the sum of five thousand dollars, being a part or portion of said sum of ten thousand dollars, hereinbefore ordered to be safely and securely invested."

" *Seventh.* I do hereby nominate and appoint my wife Eliza R., executrix, and my friend James Meeghan, executor of this, my last will and testament."

That the said will was probated, but that neither the executor or executrix therein named, ever gave bond or qualified as such. That the said Eliza R., contriving and fraudulently intending to defraud the plaintiffs, assumed to act as such executrix, took upon herself the administration of said estate under the will, taking possession of the assets and paying the debts and liabilities of the same, and falsely represented to plaintiffs, that she had duly qualified under said will, and that she was as executrix entitled to receive and receipt for the interest of deceased in said firm, and that the plaintiffs believing said false representations, from time to time between the 3rd day of April 1866, and December, 1867, paid her sums of money on account of the interest of said deceased in said partnership, amounting in the aggregate to more than thirty-six thousand dollars.

That plaintiffs continued to carry on the business of said firm during the term of said partnership. That during the month of December, 1867, the plaintiffs accounted with said Eliza R. for the interest of deceased in said firm, and purchased of her said interest remaining after the payment of the sum before stated, and the said agreement of purchase was in writing, by which she attempted to convey to plaintiffs all of the right, title and interest, which the said Edward J. Cubbage at the time of his death had in said firm, and all the interest which she had or was entitled to by virtue of said will, in and

to the property or effects of said firm of every description whatever; that plaintiffs paid said Eliza, forty thousand dollars for said interest in said firm, and bound themselves to, and did pay all of the debts and liabilities of said firm; that plaintiffs never had learned until long after they had purchased the interests of said deceased, and of said Eliza in said firm, and paid therefor, that said Eliza R. had not duly qualified as executrix under the will of said deceased, she having fraudulently concealed that fact from plaintiffs, and having taken possession of all the property of said estate, and paid all of the individual debts of said estate, and she having assumed to act and really acted in all respects, as if she had so qualified, and was the legal acting executrix of said estate.

That the said Edward J. Cubbage at the time of his death, was the owner in fee of the following real estate in the County of St. Louis, and State of Missouri, viz.: Lots 1, 2, 3. 4. 5, 6, 7, 8, 9, 10, 11 and 12, in Block (D) of the town of Kirkwood, having an aggregate front of six hundred feet on the north line of Madison Avenue, and running back to an alley dividing said block (D) from the Pacific railroad depot grounds. He was also the owner of a leasehold interest in a house and lot of ground on or near Sixteenth street in the City of St. Louis, which plaintiffs are informed and believe that said Eliza R. has caused to be renewed to herself since his death, by virtue of some provision in said lease. The property of which said deceased died .the owner, other than his interest in said firm and said real estate, was inconsiderable, consisting of household furniture, horses and carriages, &c., much of which remains in possession of said defendant, Eliza.

That since the death of said Edward, the said Eliza has, with the money paid her by the plaintiffs, erected large and valuable improvements upon said twelve lots in the town of Kirkwood. including a building erected on said lots nine, ten, eleven and twelve, known as the Kirkwood Hotel, and has purchased and erected valuable improvements on blocks nine and ten in H. W. Leffingwell's first addition to said town of Kirkwood. Plaintiffs charge that said defendant Eliza, is yet the

owner of said block nine, and the western portion of said block ten, which is described in the petition, and upon which it is charged that said defendant has erected two valuable buildings. Plaintiffs charge that by the assumption of the administration of said estate by the said Eliza, and the taking possession of the assets by her, and particularly the money paid her by plaintiffs, she assumed and undertook the execution of, and bound herself to duly execute the trust created by the 6th clause of said will, and that having failed to execute the same in another mode, she by the making of said purchases and improvements, and especially the improvements on said twelve lots of which the said Edward J. Cubbage died seized, thereby made such an investment as was contemplated and provided for by the 6th clause in said will, and that the said purchases and improvements became and are trust property, and an investment for the benefit of said Catharine and James R. Cubbage, subject to the provisions of said 6th clause in said will, and she the said Eliza became and is a trustee in respect thereto, and in equity bound to make due conveyance thereof, or make such other disposition of the same, as may be necessary and effectual to secure said property for the purposes of said investment; all of which she has failed to do, but on the contrary, has held and yet holds said property undistinguished from her own, and without having executed any formal declaration of trust or otherwise setting apart said property for the purposes of said trust. That in March, 1871, the said Eliza, to further prosecute her purpose to cheat plaintiffs, induced the defendant Mitchell, to administer upon the estate of said Edward J. Cubbage deceased, and that said Mitchell with like designs and with full knowledge of the facts aforesaid, did sue out administration upon said estate, and letters of administration with the will annexed were granted to him thereon on the 22nd day of March. 1871, and on the first day of May, 1871 he took out administration on said partnership effects, and he has demanded of the plaintiffs, that they deliver to him any and all assets of said partnership in their possession, and that they pay to him the said sum of ten thousand dollars

named in said sixth clause of said will with interest thereon, and threatens to institute legal proceedings against plaintiffs to enforce his demands. That the defendants all reside in St. Louis County, where Edward Cubbage died, and the said defendants Catherine and James Cubbage are minors of eleven and fourteen years of age.

That the improvements and purchases made by defendant Eliza, are sufficient to secure the sum named in said sixth clause of said will, if the same be properly preserved for the benefit of said minor defendants, but that the said Eliza is incompetent to manage the same, that she has squandered the money paid her by plaintiffs, other than the amounts expended in the purchases and improvements aforesaid. That there are incumbrances on much if not all of said real estate, the amount whereof is not known to plaintiffs, though they are informed and charge that there is an incumbrance of more than eight thousand dollars on said block nine, and the western part of block ten, that she has neglected to keep down the taxes and interest thereon, and also to keep the buildings insured, and that there is great danger, that before the termination of this suit, the buildings may be destroyed and the property sacrificed, unless a receiver be appointed to take charge of the same, &c.

That said defendant Eliza is insolvent, that the only property owned or possessed by her is the property aforesaid, that notwithstanding the great value of the improvements placed by her on the 12 lots in Block (D) and in said blocks nine and ten in Kirkwood, and the entire sufficiency of the same as an investment to satisfy the terms of said sixth clause of said will in favor of said minor defendants, yet her interest in said twelve lots being but a life estate, and said blocks nine and ten being heavily incumbered, the whole would sell for but a small sum, and would be wholly inadequate to raise by a sale thereof, the said sum of ten thousand dollars, and if the plaintiffs should be compelled to pay to said administrator the said sum and interest, they would be entirely remediless in the premises.

The plaintiffs then pray that an account be taken of the

amount and value of said purchases and improvements made by defendant Eliza, and also of the incumbrances thereon, and also of the personal property that came into her hands, and is yet in her possession, belonging to said estate, other than the sums paid her by plaintiffs, and that the interest of said Eliza in said property, real and personal, with the improvements made by her thereon, may be declared to be a trust estate for the benefit of said minor defendants, and that said Eliza be decreed to make conveyance thereof to said administrator, or to some other person, in trust for said minor defendants, as an investment under said sixth clause of said will, that if said real estate be insufficient for said purpose she be required to deliver to said administrator the personal effects in her hands, the proceeds thereof to be applied in aid of said lands for the purposes aforesaid, that a receiver be appointed to collect rents and pay taxes, &c., and that the administrator be compelled to convey plaintiffs the interest of deceased in the partnership effects aforesaid, and that plaintiffs may have such other relief &c.

To this petition the defendant, Mitchell, the administrator, demurred on the ground that the petition did not state facts sufficient to constitute a cause of action against said defendant that said petition is multifarious, that defendant is not a necessary party to a complete determination of the action, and that the plaintiffs are not entitled to any relief as against said defendant, from the facts shown in the petition.

A guardian *ad litem* was appointed for the infant defendants, who demurred to the petition on the part of said defendants setting out as grounds of demurrer:

1st. The petition fails to state facts showing any interest of said defendants in the subject matter of suit, and it is not shown why they were made parties defendant; that matters of a legal and of an equitable nature are set forth in the same count. The petition sets forth two causes of action in the same count against different persons having different interests and requiring different kinds of relief. The plaintiffs have a complete remedy at law on the only cause of action set forth in their petition.

The defendant Eliza R. also demurs on the ground, that the petition is multifarious, and that the plaintiff's remedy, if any, against said defendant, is at law and not by petition in equity.

These demurrers were sustained in the special term of the St. Louis Circuit Court, and final judgment rendered against the plaintiffs; from this judgment they appealed to the General term, where the judgment of the special term was affirmed, and from this last judgment plaintiffs appealed to this court.

The appellants insist that they are entitled to the relief prayed for in the bill, and that the facts stated in the bill or petition are sufficient to authorize the decree prayed for; that whether the contract made by them with defendant Eliza R. Cubbage, was sufficient to convey the interest of Edward Cubbage deceased, in the partnership effects to them or not, it had the effect to transfer to them her right in the estate of her husband as residuary legatee, and that by virtue of this interest in plaintiffs, they had a right to call on a court of equity to compel the administrator to so administer the effects of said estate, as to protect the rights of plaintiffs as residuary legatees or as representing the interest of the residuary legatee. This proposition may to some extent be true when a proper state of facts are shown by the petition; but does the petition in this case show the proper state of facts, or is the case as made in the petition, one that will authorize the relief prayed for, or any relief as against the defendants in this case?

The main object of the petition in this case, or one of its main objects, seems to be to compel the two infant defendants to treat the defendant Eliza R. Cubbage, as an executor of her own wrong, and charge her as a trustee for them in the wrongful receipt of the money paid her by the plaintiffs; and then to compel them to follow this trust fund into the property purchased and the improvements made by her with the same, and thus exonerate the partnership effects from the payment to the administrator of the ten thousand dollars to be invested for the benefit of these defendants, under the sixth clause of the will.

It may be, that if it were necessary to do so, a court of equity would interfere on the part of these minor legatees and charge the property purchased and the improvements made with the money received by Eliza R. Cubbage from plaintiffs, with the legacy bequeathed to these defendants, but the minor defendants cannot be compelled to accept this remedy. The plaintiffs have no equity as against them. If Eliza R. Cubbage defrauded the plaintiffs by representing herself to be the legally authorized executrix of said estate, the rights of these minor defendants cannot be affected thereby, nor can the rights of the rightful administrator with the will annexed to recover the money for the benefit of said defendants under the sixth clause of the will, be affected thereby. It is the duty of the executor under the will, and of the administrator with the will annexed, and they are directed by the will to " securely invest the sum of ten thousand dollars to and for the following uses and purposes exclusively : They shall appropriate and expend the entire income arising therefrom, for the purposes of educating, supporting, clothing and maintaining my said two children Catharine and James R., until they shall respectively have arrived at the age of twenty-one years, and when they shall have respectively arrived at the age of twenty-one years, then it is my will and I do hereby order and direct my said executors to pay to each of them five thousand dollars." Whatever right the plaintiffs may have against defendant Eliza, R. growing out of her fraud, these children have done nothing that will give the plaintiffs any equitable right as against them, to compel them to follow the money wrongfully paid to said Eliza R. into uncertain investments in improvements and property, in which she has a life estate, and which improvements may be valueless by the time they arrive at twenty-one years of age, at which time they are entitled to receive, and it is the duty of the administrator to pay them each the sum of five thousand dollars.

Courts of equity it is admitted have jurisdiction over the administration of assets in the hands of the executor, so as to prevent waste of the same and thereby protect the residuary

legatees. (Story's Equity Jur., §§ 532 to 534–591–593.) But this suit is not brought for any such purpose. It may be that upon a proper bill being filed by the plaintiffs to have themselves substituted to the rights of Eliza R. Cubbage as residuary legatee, and compel the administrator to apply the assets in his hands or in his power to raise the money for the minor defendants, so as to preserve the residue for the benefit of plaintiffs as such residuary legatees, that a court of equity would grant relief; but in such case it would have to be shown that there were assets which were not being properly administered by the executor, and that plaintiffs would be injured thereby, and then no relief would be given in favor of plaintiffs, which would be detrimental to the rights of the minor children.

It is insisted on the part of the plaintiffs, that the Court ought to have taken jurisdiction of the cause and granted the relief prayed for on the ground of fraud. This might also be tenable in a proper case as against the party guilty of the fraud, but there is no fraud charged against the minor defendants in this case, nor is it charged that they have ever assented to or received any benefit from the fraud of their mother, or from the mistake or carelessness of plaintiffs in paying their money to one not entitled to it, nor is it charged that Mitchell the administrator, had anything to do with the fraud of said Eliza in obtaining the money from plaintiffs. What is charged against the administrator, is that he is demanding of them what under the law he has a right to demand. But it is charged that he has a fraudulent design in making said demand. If the act of the administrator is legal in itself, it makes no difference about the motive with which it is done. If it violates no right a court will not interfere to prevent the act. (Adler et al. vs. Fenton, et al., 24 Howard, U. S. 407 ; State, &c. vs. The Boatmen's Savings, &c., 48 Mo., 189.)

It is further contended by the plaintiffs that their bill should have been sustained on the ground that it prayed for a specific performance of the contract between them and Eliza R. Cubbage, and that they have no adequate remedy at law.

To this it may be answered that the main object of the bill seems to be to compel the minor defendants to follow the money paid by them to said defendant Eliza into the land and improvements made and purchased by her with said money, and have the same declared trust property for their use in exoneration of the partnership effects. At least this part of the bill is all that said minor defendants have any interest in. If the jurisdiction is to be entertained for the purpose of a specific performance of the contract with said Eliza, the minor defendants have no interest in that, so far as her residuary interests are concerned, and the bill as to them would be multifarious. And as far as the bill seeks to specifically perform the illegal contract to convey the interest of deceased in the partnership effects, I know of no rule of equity by which an illegal contract can or will be specifically performed. Taking any view of the case, I cannot see, that there is any equity shown in the bill as against either the administrator or the minor defendants.

The other Judges concurring the judgment of the St. Louis Circuit Court will be affirmed.