WILBUR J. RIDGEWAY, DEFENDANT IN ERROR, v. COR-
PORATION LIQUIDATING COMPANY, PLAINTIFF IN
ERROR.

Submitted December 5, 1904—Decided June 19, 1905.

In an action for lumber sold the contention of the plaintiff was that
its undertaking, if any had been proved, was a collateral one
to the undertaking of two persons to whom the lumber had been
delivered, and to whom it had been charged in plaintiff's books
of account, and that as its undertaking was not in writing it was
void by the statute of frauds. *Held*, that whether the defend-
ant's undertaking was original or collateral was a question to
be submitted to the jury.

On error to the Union Circuit.

For the plaintiff in error, *Jeremiah A. Kiernan.*

For the defendant in error, *Patrick H. Gilhooly.*

PER CURIAM.

When this case was first before the court there appeared
to be no judgment that could be reviewed. The record has
been so corrected that the case has been considered upon the
assignments of error.

The judgment is attacked upon the sole claim that there
was error committed by the trial judge in refusing to direct
the jury that no recovery could be had upon certain items of
the plaintiff's claim against defendant.

The defendant's contention was that its undertaking, if any
had been proved, was a collateral one to the undertaking of
two persons to whom the lumber (for the price of which those
items were claimed) had been delivered, and to whom they
had been charged in plaintiff's books of account, and that as
its undertaking was not in writing it was void by the statute
of frauds.

Whether defendant undertook to pay for this lumber; and
whether its undertaking was original or only collateral, was

a question to be submitted to the jury. *Hetfield* v. *Dow,* 3 *Dutcher* 440; *Gallagher* v. *McBride,* 37 *Vroom* 360.

If there was evidence of an original contract, the trial judge did not err in refusing the direction asked. The fact that plaintiff had charged the lumber to other parties was to be considered in determining the question, but it is not conclusive as to whom the credit was given. There was evidence from which the jury might find that defendant ordered the lumber and directed its delivery to other persons, and requested plaintiff to charge each of them, respectively, with that delivered to them. If believed, this mode of keeping the account was in no respect inconsistent with defendant's undertaking being an original and not a collateral one.

There being evidence on which defendant's liability could be found, there was no error in the refusal complained of.

The judgment must be affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, DIXON, GARRISON, FORT, GARRETSON, PITNEY, SWAYZE, BOGERT, VREDENBURGH, VROOM, GREEN, GRAY. 13.

*For reversal*—None.