R. L. MORTLAND, Appellant, v. POWESHIEK COUNTY, IOWA, Appellee.

Municipal corporations: LETTING OF CONTRACTS: RIGHTS OF LOWEST BIDDER. Both the statute and an agreement by which public work is let to the lowest bidder are for the benefit of the taxpayers rather than that of bidders; and in the absence of fraud an unsuccessful bidder, although the lowest, has no remedy because not awarded the contract.

Same: REJECTION OF BIDS: PERSONAL LIABILITY OF OFFICERS. A board of supervisors acts as a governmental agency in contracting for county work, and the supervisors are under no personal liability, in an action against the county only, for failing to let the contract to the lowest bidder.

Same: PLEADINGS. Allegations of wilfulness, neglect and wrong on the part of supervisors in failing to let a contract to the lowest bidder are immaterial, where the action is not against the members of the board personally, and the right to reject a bid existed.

Same: PLEADINGS: AMENDMENT. An amendment to a pleading after

4 the sustaining of a demurrer which raises no new issues may properly be stricken on motion.

*Appeal from Poweshiek District Court.*—Hon. H. E. Wilcockson and Hon. John F. Talbott, Judges.

### Tuesday, October 22, 1912.

Action at law to recover damages from the county for failure of its officials to award a bridge contract to plaintiff; he being, as is alleged, the lowest bidder for the work. The trial court sustained a demurrer to the petition, and plaintiff appeals.—*Affirmed.*

*J. M. Goodson* and *J. W. Carr,* for appellant.

*U. M. Reed,* for appellee.

Deemer, J.—According to the allegations of the petition, the board of supervisors of the defendant county, although not required by law so to do, undertook to let a contract for doing all the concrete bridge and culvert work for the county to the lowest bidder, and it is averred that plaintiff made the lowest bid therefor in response to advertisements made by the county officials, and that, notwithstanding his was the lowest bid, the board "wilfully, wrongfully, unlawfully, and in contravention of their said advertisement, invitation, promise and agreement made, in all as aforesaid, refused to let the contract to this plaintiff, who was the lowest bidder in fact, and let the contract to another contractor at a higher rate and price than that offered by plaintiff, against his protest and demand, which said work was done by another contractor during the year of 1910 to the amount of more than twenty-two thousand dollars, all to the damage and injury of plaintiff in the sum of more than $2,000, no part of which has been paid, and is justly due plaintiff. That such damages are the reason-

able value of the profits to which plaintiff would have been·
entitled, and would have earned, under his bid aforesaid,
had his bid been accepted and he been awarded the contract
for said work."

A demurrer to this petition was sustained, and there-
after plaintiff filed an amended and substituted petition
which did no ·more than specifically aver the damages
claimed by him, although reference is made to certain
plans and specifications prepared by him, which it is said
were made at defendant's instance and request as a basis
for competitive bidding. The theory of the action was not
changed, however, and plaintiff did not ask in this amend-
ment to recover for service performed. Defendant ·moved
to strike this amendment for the reason that it tendered no
new issue and the motion was sustained. The appeal is
from the rulings sustaining the demurrer and the motion.
It is conceded that there is no requirement of law that such
contracts as are here involved shall be let to the lowest
bidder, and it is true, we think, that the advertisement
upon which plaintiff relies did not state that the contract
would be let to the lowest bidder; but it is averred that
the board orally agreed to award the contract to the lowest
bidder. The motives of the board in awarding the contract
are not impugned and no fraud is alleged.

In view of this record, but two questions arise: First.
There being no law requiring the letting of such contract, is
the county bound because of the failure of its board to let
a contract to the lowest bidder for the work? Second.
Assuming that the county is bound by the action of the
board in submitting the matter to bids, is it liable in
damages to the lowest bidder for not awarding him the
contract?

These questions may be answered as one, for the solu-
tion thereof involves, as we think, but a single inquiry, to
wit: For whose benefit is a law or agreement to let a
contract for county work to the lowest bidder? Reason and

authority give but one answer to this quære, and that is
that it is for the benefit of the taxpayer.
In the absence of fraud, the unsuccessful
bidder, although he be the lowest, has no
remedy. The reason for this is twofold
—first, because the arrangement is not for his benefit; and,
second, because the board has a discretion in such matters,
and this discretion will not ordinarily be reviewed by the
courts.

*1. MUNICIPAL COR-
PORATIONS:
letting of con-
tracts: rights
of lowest
bidder.*

Again the board in such instances is acting as a
governmental agency, and under the allegations of the peti-
tion there would be no personal liability on
their part. The questions here presented
were before the New York Court of Appeals
in *East River Co. v. Donnelly,* 93 N. Y. 557, and that
court said:

*2. SAME: rejec-
tion of bids:
personal liabil-
ity of officers-*

> If the defendants had found and decided, after such
> process of investigation and comparison as they thought
> necessary to make, that the plaintiff was in fact the bidder
> who answered the call of the statute, and, after that deter-
> mination, had refused to enter into the contract, a case
> would have been presented over which a court, even in
> favor of a private suitor, might perhaps have cognizance.
> The question is not before us. But here the plaintiff goes
> no further than to say that the defendants, knowing it was
> the lowest bidder and ready to comply with the statutory
> conditions, refused 'to award' the contract to it; that is, to
> adjudge in its favor. The argument of the plaintiff comes
> to this: If the defendants had judged or determined cor-
> rectly, or even honestly according to their knowledge, the
> contract would have been awarded to it. But as in coming
> to any conclusion, even ascertaining whether the plaintiff
> was the lowest bidder, they must act in a *quasi* judicial
> capacity, their conduct comes within the general rule of
> irresponsibility to which I have adverted. Moreover, the
> statute merely provides a scheme for the prudent admin-
> istration of the affairs of the city, and has imposed a duty
> upon the defendants to carry it out. This duty appears,
> from the plaintiff's showing, to have been violated. But

the duty is a public duty to the city or people at large, not to the plaintiff or for the benefit of individuals, or the promotion of any private interest, nor has the statute given to the plaintiff or any person an action for its violation.

See, also, as supporting the same view, *People v. Common Council,* 78 N. Y. 33 (34 Am. Rep. 500); *Colorado Paving Co. v. Murphy,* 78 Fed. 28 (23 C. C. A. 631, 37 L. R. A. 630); *State v. Board of Education,* 24 Wis. 683; *Board v. Gillies,* 138 Ind. 667 (38 N. E. 40); *Bloomfield v. Middlesex* (N. J. Sup.), 62 Atl. 116; *Bunker v. Hutchinson,* 74 Kan. 651 (87 Pac. 884); *Case v. Trenton* (N. J. Sup.), 68 Atl. 57; *Louisville Co. v. Gast* (Ky.) 115 S. W. 761; *Akron v. France,* 24 Ohio (C. R.) 63; *Talbot v. Detroit,* 109 Mich. 657 (67 N. W. 979, 63 Am. St. Rep. 604).

The allegations as to the wilfulness, neglect, and wrong on the part of the board add nothing to plaintiff's right as against the county. These would be material, if at all, were the action against the members of the board personally. *Chatfield v. Wilson,* 28 Vt. 49; *Barr v. Cubbage,* 52 Mo. 404; *Mahan v. Brown,* 13 *Wend.* (N. Y.) 261 (28 Am. Dec. 461). The reason for this is that, if the board had the right to reject the plaintiff's bid, the motives of the individual members are entirely immaterial if the action be brought against the county. As already observed, there are no allegations of fraud or conspiracy. Nothing decided in *Vincent v. Ellis,* 116 Iowa, 616, runs counter to these views. Without further elaboration, it is enough to say that plaintiff's original petition did not state a cause of action against the defendant.

3. SAME: pleadings.

The amended and substituted petition raised no new issues. There was no claim for work and labor done or for materials furnished, and no allegations of fraud or conspiracy, hence there was no error in striking it. The law of the case was settled by the ruling on the demurrer, and, as plain-

4. SAME: pleadings: amendment.

tiff's amendment added nothing material to the allegations of plaintiff's petition, it was properly stricken on motion.

No. error appears, and the rulings and orders are approved, and the judgment must be, and it is—*Affirmed.*