Crouse, Inc., Appellant, *v.* Braddock Borough School District.

Argued March 28, 1941. Before MAXEY, DREW, LINN, STERN, PATTERSON and PARKER, JJ.

*Max U. Applebaum,* for appellant.

*I. Edward Roth* and *Leo Kostman,* for appellee, were not heard.

OPINION BY MR. JUSTICE MAXEY, April 14, 1941:

Plaintiff corporation brought an action in assumpsit to recover damages in the sum of $4,787.92, with interest thereon from March 10, 1938, based on an alleged breach of contractual relations between it and defendant School District of the Borough of Braddock. No answer was filed by defendant.

Defendant advertised for bids for plumbing and heating work on a proposed new school building according to plans and specifications prepared and submitted by its architect. Plaintiff's bid was the lowest of five submitted and considered by the school district and at a meeting of its Board of Directors on February 28, 1938, the following minute was entered: "On motion of Roderus and Polk the plumbing contract be awarded to Wayne Crouse the lowest responsible bidder for the amount of $20,980.00. All ayes."

The school district through its secretary verbally notified the plaintiff to proceed to execute the written contracts prepared and secure materialmen and performance bonds. The officers of plaintiff corporation proceeded to do this the morning after the meeting at which the award was made to it. The Plumbers' Union protested to the school board that if the school district persisted in the award labor difficulties would be experienced. The secretary and the architect consulted with the plaintiff corporation's representatives but the latter's efforts with the union were unsuccessful and the school district was so notified.

The following appears on the minutes of the meeting of the Board of Directors of the school district held on March 10, 1938: "It was regularly moved and seconded by Wrobleski and Andolina that the action of the board in awarding the plumbing contract of the Junior High School Building to Wayne & Crouse, Inc., on February 28, 1938, be rescinded because of the finding after investigation that they are not the lowest responsible bidder, in that they cannot perform the said

contract. All ayes. On motion of Wrobleski and Polk the plumbing contract be given to the next lowest bidder, W. J. Costello for the sum of $21,285.00. Ayes: Andolina, Polk, Schweinberg, Wrobleski and Carr. Nays, Roderus. Not voting, Mrs. Gilmore."

The secretary of the School Board then promptly notified the plaintiff corporation of the action of the Board in a letter which stated, inter alia: "You of course are familiar with the reasons that necessitated this action on the part of the Board."

It is admitted that there was no formal written contract executed by the school district and plaintiff company, but the latter contended that the motion awarding the plumbing contract to "Wayne Crouse" sufficiently established a contract between it and the school district, for the reason that the form of the contract later to be executed was attached to the specifications upon which the plaintiff bid. Plaintiff alleged further "that the action and resolution rescinding the award by and contract of the defendant, and the granting of a new award, was illegal, void and not based upon any fact or right in the defendant," and that "by reason of the defendant's breach of its contract . . . the plaintiff has sustained damages in the loss of profits it would otherwise have earned in the erection and construction of the said plumbing work in the sum of $4,787.92."

A hearing was held before a jury on September 30, 1940, and after the plaintiff presented its case, defendant moved for a compulsory nonsuit. The court below refused this motion, after which defendant introduced no testimony and rested. The court then affirmed defendant's point for binding instructions. Plaintiff's motion for a new trial was refused and this appeal followed.

The question before us is ruled by our decision in *Chilli v. McKeesport School District*, 334 Pa. 581, 6 A. 2d 99. There we said: "The [School] Code seems to provide that a written contract is necessary to bind the school board." Appellant argues that what this

court said in that case about the School Code requiring written contracts is "obiter dicta." Without discussing that argument, the question of the requirement by the School Code of *written* contracts in cases like the present one, is now squarely before us and we do decide that written contracts are required and that this requirement was not complied with by the formal award, as shown by the minutes of the School Board, of "the plumbing contract to Wayne Crouse the lowest responsible bidder for the amount of $20,980.00." Even if the award had been made to "Wayne Crouse, Inc.," (the appellant here), appellant would be in no better position than it now is.

The references to "contracts" and the "execution of contracts" and the attesting by the secretary "in writing the execution of all deeds, contracts, reports, and other instruments that are to be executed by the board," made in footnotes to this court's opinion on pages 583-84 of the Chilli case, supra, indicate the statutory foundations for our conclusions that school boards can bind their districts (other than districts of the first class) to monetary obligations exceeding $300.00 *only* by *written contracts*. The wisdom of this public policy has received due legislative recognition.

Williston on Contracts, Revised Edition, Vol. 1, section 31, says, inter alia: "In the formation of public contracts the formalities required by law or by the request for bids, such as a written contract, or the furnishing of a bond, often indicate that even after acceptance of the bid no contract is formed, until the requisite formality has been complied with."

When a municipal body advertises for bids for public work and receives what appears to be a satisfactory bid, it is within the contemplation of both bidder and acceptor that no contractual relation shall arise therefrom until a written contract embodying all material terms of the offer and acceptance has been formally entered into. The motion whose adoption is evidenced

by the minutes of the school district in the instant case meant merely that the proposal was accepted subject to the preparation and execution of a formal contract or subject to the motion being rescinded before the contract was executed. A preliminary declaration of intention to enter into a formal contract, which was all the motion adopted amounted to, did not in any way limit the school directors' freedom of future action.

The judgment is affirmed.