CONSTRUCTION, INCORPORATED, An Ohio Corporation, Appellant,

v.

ROCKWOOD BOROUGH MUNICIPAL AUTHORITY, Rockwood, Somerset County, Pennsylvania.

No. 14518.

United States Court of Appeals Third Circuit.

Argued Jan. 10, 1964.

Decided Jan. 22, 1964.

Martin S. Goldberg, Youngstown, Ohio (Baskin, Sachs & Craig, Pittsburgh, Pa., on the brief), for appellant.

Robert M. Brown, Pittsburgh, Pa. (Gustave W. Wilde, Burgwin, Ruffin, Perry & Pohl, Pittsburgh, Pa., Charles H. Coffroth, Somerset, Pa., on the brief), for appellee.

Before STALEY, HASTIE and SMITH, Circuit Judges.

PER CURIAM.

In granting summary judgment for the defendant in this suit by a contractor against Rockwood Borough Municipal Authority for repudiation of a public contract, the district court reasoned that no binding contract had ever come into existence.

These facts appear without dispute. The contractor was low bidder. He knew that the Authority's obtaining of necessary financing was a condition precedent to the making of a binding contract. The Authority prepared and sent to the contractor formal contracting documents for execution and return to the Authority. The contractor signed the formal contract and returned it. However, not obtaining some of the needed financing, the Authority refused to execute the contract. In these circumstances, we think the trial court properly ruled that there was no binding contract. Cf. Wayne Crouse, Inc. v. Braddock Borough School District, 1941, 341 Pa. 497, 19 A.2d 843.

The judgment will be affirmed.