ISTARI CONSTRUCTION, INC., an Iowa Corporation, Appellant,

v.

CITY OF MUSCATINE, Iowa; City Council of the City of Muscatine, Iowa, and Evelyn Schauland, Don Platt, Sue Koehrsen, Robert Rada, Joan Hilton, Larry Kemp, and Richard Waltman, as Individual Members of the City Council of the City of Muscatine, Iowa, Appellees.

No. 68135.

Supreme Court of Iowa.

March 16, 1983.

William R. Stengel, Jr., of Coyle, Gilman & Stengel, Rock Island, Ill., for appellant.

J.W. Conway and Harvey G. Allbee, Jr., of Allbee, Conway, Allison & Denning, Muscatine, for appellees.

Considered by REYNOLDSON, C.J., and UHLENHOPP, LARSON, SCHULTZ, and CARTER, JJ.

LARSON, Justice.

In this certiorari action, plaintiff, Istari Construction, Inc., challenges the legality of action by defendant Muscatine City Council in refusing to accept its low bid on a housing project, awarding the project to the next lowest bidder, and then rejecting all bids and readvertising. Plaintiff asserts (1) that Iowa Code section 384.100 prevents the council from rejecting all bids once an award has been made and (2) that the council could not reject plaintiff's bid, where the federal agency funding the project did not agree. The district court annulled the writ, and we affirm.

In 1981, the Muscatine City Council solicited bids for construction of a public housing project. This project was to be financed with the funds from the United States Department of Housing and Urban Development (HUD), and award of the contract was subject to its approval. Plaintiff

Istari Construction was the low bidder; Knudson, Inc., was the next lowest bidder. The council, after investigation of Istari and its predecessor corporation, found that Istari was not a "responsible bidder," *see* Iowa Code section 384.99 (1981), rejected Istari's bid, and awarded the contract to Knudson.

HUD disagreed with the council's conclusion that Istari was not responsible and informed the council that it would have to award the contract to Istari. Or it could reject all the bids and rebid the project, according to HUD, if this is permitted by Iowa law. The council did the latter; it rejected all the bids and prepared to advertise for new bids. Istari then filed its unsuccessful petition for certiorari, and this appeal followed.

I. *Review.*

■ Certiorari is appropriate where an inferior board, exercising judicial functions, acts illegally. Iowa R.Civ.P. 306. An illegality is established if a board has not acted in accordance with the statute. The burden to prove such an illegality rests with the plaintiff. *Norland v. Worth County Compensation Board,* 323 N.W.2d 251, 253 (Iowa 1982) (citations omitted).

II. *Compliance with Section 384.100.*

The contract-letting procedure for public improvements is governed by Iowa Code chapter 384 (1981). The actual awarding of contracts and consideration of bids is governed by sections 384.99 and 384.100. Section 384.99 provides that "[t]he contract for public improvement must be awarded to the lowest responsible bidder...." Section 384.100 provides, in pertinent part:

The governing body may, by resolution, award the contract for the public improvement to the bidder submitting the best bid, determined as provided in section 384.99, *or* it may reject all bids received, fix a new date for receiving bids, and order publication of a new notice to bidders.

(Emphasis added.)

Plaintiff, Istari, asserts that the council did not act in accordance with section 384.-

100, and thus acted illegally, when it rejected all the bids after it had already awarded the contract to Knudson. The plaintiff argues that under the statute, the word "or" is disjunctive and limits the authority of the council to either award the contract or reject all bids, but not both.

The council responds that the statute is designed to give the governing body an alternative to awarding a contract and merely reflects the fact that a governing body cannot both award a contract and reject all bids at the same time. Moreover, the council argues that competitive bidding requirements were enacted for the protection of the taxpayers, rather than for the benefit or enrichment of bidders, and should be construed accordingly.

We need not decide whether the word "or" as used in section 384.100 limits the council's alternatives as contended by the plaintiff. Even if we assume the section allows only for the governing board to award or reject, we do not believe the council has acted illegally.

■ As the council correctly points out, competitive bidding in the granting of municipal contracts "is employed for the protection of the public to secure by competition among bidders, the best results at the lowest price, and to forestall fraud, favoritism and corruption in the making of contracts." C. Rhyne, *The Law of Local Government Operations* § 27.6, at 942 (1980); *see, e.g., Weiss v. Town of Woodbine,* 228 Iowa 1, 11, 289 N.W. 469, 474 (1940); *Miller v. Town of Milford,* 224 Iowa 753, 769–70, 276 N.W. 826, 834 (1938); *Iowa Electric Light Co. v. Town of Grand Junction,* 216 Iowa 1301, 1303, 250 N.W. 136, 137 (1933). In this regard, municipal authorities possess a discretionary power in the awarding of contracts. 10 E. McQuillan, *The Law of Municipal Corporations* § 29.72, at 392–93 (3d ed. 1981); *see, e.g., Mortland v. Poweshiek County,* 156 Iowa 720, 722–23, 137 N.W. 1009, 1010 (1912); *Best v. City of Omaha,* 138 Neb. 325, 328, 293 N.W. 116, 118 (1940); *Wagner v. Milwaukee,* 180 Wis. 640, 644, 192 N.W. 994, 996 (1923); *see also* 64 Am.Jur.2d *Public Works and Contracts* § 64, at 918 (1972).

■ In the present case, the council's award to Knudson was conditional, subject to approval by HUD. The statutory notice soliciting bids specified the project was to be paid for with funds from HUD, and that the work was to be performed and completed according to HUD guidelines. The contract award expressly provided that it would not be binding until approved.

Because HUD refused to accept the award to Knudson, no binding award or contract was formed. *See* 63 C.J.S. *Municipal Corporations* § 1156, at 833 (1950); *cf. Construction, Inc. v. Rockwood Borough Municipal Authority,* 326 F.2d 751 (3d Cir. 1964) (no contract where bid unaccepted for inability to obtain financing). Accordingly, where no binding award has been made, a governing body is authorized by section 384.100 to reject all bids and fix a date for soliciting new ones.

III. *Rejection of Plaintiff's Bid.*

The plaintiff argues that the council's discretion to determine the lowest responsible bidder was limited by HUD's final authorization and review. It argues that, since the council "[decided] to proceed with the project in the face of HUD's disqualification of Knudson ... and [its] qualification of Istari as a responsible bidder, the City admitted the issue of Istari's responsibility," and was "estopped" from denying it.

■ As a general rule, we are reluctant to interfere with a local government's determination of who is the lowest responsible bidder, absent proof that the determination is fraudulent, arbitrary, in bad faith, or an abuse of discretion. *See, Menke v. Board of Education,* 211 N.W.2d 601, 608 (Iowa 1973); *Mortland,* 156 Iowa at 722–23, 137 N.W. at 1010; *see also* 10 E. McQuillan, *supra,* § 29.83, at 425; 63 C.J.S. *Municipal Corporations* § 1005, at 582 (1950).

■ Sections 384.99 and 384.100 placed the responsibility for determining who is a responsible bidder upon the governing body. Here, the city council was that appropriate

governing body and had the obligation to determine who was the lowest responsible bidder. Once the determination was made, the final contract award was subject to HUD's authorization. While the funding for the project was to come from HUD, the management and control of the project was charged to the council. Under this arrangement, HUD could withhold funding for the project, but it could not force the council to accept a particular bidder as responsible. Such a determination was within the proper discretion of the council.

We believe the council acted within its discretion, and that no illegality was shown in the council's actions under any of the plaintiff's theories. The district court was correct in annulling the writ.

AFFIRMED.