Adams, J.,
At an earlier stage of this case, the court of common pleas sustained the general demurrer to the petition in this case, and probably two years ago last spring, when the case was in this court before, the court reversed the court of common pleas, holding that the petition stated a good cause of action for the writ of mandamus.* The cause was remanded to the court of common pleas, and an answer and reply Were filed,the case was tried,and the court of common pleas made a finding of facts in favor of the relator. I will read the latter part of this finding, as it shows the single question on which the case is now here:
“Asa matter of law, the court finds that the relators were entitled to have their said bids respectively accepted, *6 and to have each of said contracts awarded to them, and at the commencement of this suit were entitled to a peremptory mandamus to compel the said city and its said council to award the said contracts to them respectively. And because the said contracts were all executed,and for that reason, it would be a vain and useless thing to allow the writ of mandamus, the same is not- allowed, and it is ordered' that the plaintiff recover its costs in this behalf expended, taxed at $---, and that the said city of Newark pay the costs of the defendant, taxed at $--.
“And the plaintiff and the relators requesting the court to retain this case for the purpose of ascertaining (he damages, according to law, which said plaintiff and relators have sustained, said request is refused,for the reason that section 6753 of Revised Statutes does not provide for the same in this kind of a case.
The petition and the finding of facts here show that Tucker and Townsend were bidders for the work of paving one or more streets here in the city of Newark
The finding is that their bids were the lowest bids, and that they were entitled, at the time of the commencement of this suit, to have their bids accepted; and that Tucker, by certain 3uits in injunction,and then by this mandamus suit, sought to compel the city of Newark to enter into the contract that they were, in law, bound to enter into with. Tucker and Townsend for the improvement of these streets.
The petitions in the injunction suits and in this case have been held insufficient in law,but owing to the delay necessary in prosecuting error to the circuit court, by the time the case came on for trial, the contracts had been let to other parties, the improvements had been completed, and the city of Newark had paid for the improvements.
The single question here under these facts is: Whether or not there should have been an inquiry as to the amount that Tucker and Townsend had been damaged by reason of the unlawful acts of the defendant.
It is said in argument here, and, so far as I can discover *7 from this record, it is the first time that this question was-made, that there was never any alternative writ of mandamus issued in this case. That the case was commmenced' simply by the filing of the petition and the issuing of a-summons. The summons was served, and the defendant took leave to answer, and thereafter demurred. It is suffi- • cient to say that the issuing of an alternative writ of mandamus was waived A party in a mandamus suit can waive the issuing and service of summons, and can waive the issu- • ing and service of any sort of process, They can come in and enter their voluntary appearance in a formal way, ortb.ey can do that by demurring,or by filing an answer. In the case of State ex rel, v. Crites, Auditor, 48 Ohio St., I read from page 175,although the case begins on page 142: it is said:
“Sections 6748 and 6749, Revised Statutes, permit the same pleadings in mandamus as in civil actions; section 6751 * provides that, ‘The pleadings shall have the same effect, and must be construed, and may be amended as in civil ■ actions,’ while section 6752 provides that ‘Issues of fact made by the pleadings must be tried, and the further proceedings thereon had,in the same manner as in civil actions. ’ These changes are significant. The pleadings, their construction and amendment, the mode of trial and other proceedings in mandamus,are all declared by statute to be‘the same’ * * * ‘as in civil actions,’ In view of these express - provisions of the statute, it is difficult to see wherein a proceeding in mandamus differs in any material respect from a • civil action, or even in any respect, except in name.”
• And we think that that quotation from the ¡Supreme Court, and the sections of the statute, would indicate very • clearly that the formal process by which it is proper to begin a mandamus proceeding — -that is, the issuing of an alternative writ of mandamus which must contain a copy of ■' the petition — -may be waived, as we think it was waived in - this case, by pleading to the petition.
Now, coming to the question of damages: Whether or' • *8 not these parties having a good cause of action, and having, without any fault of theirs, been deprived of any relief that a peremptory writ of mandamus could give them — -in what position are they left by the action of the court?
In 36 Ohio tS., 415, it is said
“It is suggested, however, that even in the absence of a statute,or an agreement, requiring the state to pay interest upon relator’s claim, that damages, in place of interest, might be awarded,under section 6753 of the Revised Statutes, which provides: ‘If judgment be given for the plain- • tiff,the relator may recover damages which he has sustained, to be ascertained by the court, or a jury, or by a referee, or master,as in a civil action.’ This section certainly does not contemplate an award of damages against the state, in whose name alone the writ of mandamus can be prosecuted. And to assess damages in this case to be paid out of moneys in the treasury belonging to the state,would be in effect an assessment against-the state. And to assess them against the members of the board of public works would be unjust, for several reasons: First. The members now composing the board, and sued, are not the same members who composed the board during the greater part of the time during which payment has been delayed. Second. The delay has been occasioned by an honest conviction that there was no authority in the board to make payment.
“If the relators have been injured by delay in making payment, they can look only to the general assembly fo.r redress. ’ ’
We have been cited to a case in 28. N Y., beginning on page 112:
“In mandamus against supervisors commanding them to audit the damages assessed for taking relator’s land for a highway, if the return be adjudged insufficient, the proper judgment is the awarding of a peremptory mandamus with damages against the defendants personally for interest on the relator’s damages, the town being liable only for the ‘damages actually assessed with expenses.”
And on page 114, it is said:
“If it is a proper case for damages to be recovered of *9 those against whom the writ is prosecuted, then he may recover such damages in addition to his judgment for the peremptory mandamus.”
And in 118 .N. Y., on page 101: This was an action brought by a man by the name of Deverell to compel the Musical Mutual Protective Union to restore him to membership, from which organization he had been wrongfully removed or discharged, and, by reason of his expulsion from that Protective Union, he lost his position where he was employed, and he sought in that same suit not only to get a peremptory writ of mandamus restoring him to membership in the Protective Union, but for the damages that he had sustained by reason of his expulsion. On page 109 the court in the opinion say:
‘‘The damages allowed by the court were those which the relator was deemed to have suffered in consequence of his expulsion, and they arose from the fact that, by reason of his non-membership, so produced, he was discharged from the service in which he was engaged, and thus deprived of the income, which he otherwise would have received. This . was the proximate result of the cause of which he complained, and as such furnished a ground for the award of damages.”
It cites 28 N. Y., 112, the case from which I have already read,
In 36 Ohio St., 415, the court denies damages there simply because it would not allow damages to be assessed against the state.
We think this case comes clearly within the provisions of section 6753. If that is not the true construction of section 6753, then these relators hav6 been deprived of all rights without any fault on their part. They have no remedy at law because the council has wrongfully and illegally refused to enter into a contract with them. The contract has never been made. They could not sue for a breach of contract. Their only remedy was by mandamus to compel the execution of that contract. Having heen deprived of that right *10 through delays in the court, then it seems to us clear that they must have their right to damages to be assessed in this same mandamus suit; and, being of that opinion, the judgment of the court below is reversed to that extent, and the cause is remanded to the common pleas court to hear and determine the damages to which these parties are entitled.
S. M. Hunter, on behalf of Relator.
T. B. Fulton, on behalf of Respondent.

For decision of this case in Common Pleas, see 6 Nisi Prius, 541. For opinion of Circuit Court in this case, see ante, page 1.