FRANK W. MOLLOY, Appellant, v. THE CITY OF NEW ROCHELLE, Respondent.

Municipal corporations — when bidder for municipal work whose bid has been rejected, although the lowest, cannot maintain action against municipality for loss of profits.

When there is a provision in a city charter prescribing that, whenever there is work to be done, or materials or supplies to be furnished for the city, in excess of a certain amount, the city clerk shall advertise for and receive proposals therefor in such manner as the common council shall direct, and that the contracts therefor shall be let to the lowest responsible bidder, such provision is intended to protect the city by preventing official action from being influenced by favoritism or other improper motives. Such provision does not give a bidder whose bid, although the lowest, was rejected and the contract awarded to a higher bidder, a right of action against the municipality for the profits which he might have made if the municipal officers had awarded the contract to him as the lowest responsible bidder.

The provisions of such statutes are, however, always rigidly enforced by the courts through the remedies ˙provided by law when their enforcement is sought by one for whose benefit they are enacted.

Where proposals for work are advertised for, as required by such a provision, the common council reserving the right to reject any and all bids, and a bid made by a responsible bidder has been expressly rejected by the common council, there is no contractual relation between the city and such bidder and he cannot sustain an action against the city as upon

a contract. No contractual relation can arise merely from a bid, unless, from the terms of the statute and the advertisement, a bid in pursuance thereof is, as a matter of law, an acceptance of an offer wholly apart from any action on the part of the municipality or any of its officers. *Molloy* v. *City of New Rochelle*, 123 App. Div. 642, affirmed.

(Argued March 17, 1910; decided May 10, 1910.)

APPEAL from a judgment entered January 30, 1908, upon an order of the Appellate Division of the Supreme Court in the second judicial department, which overruled plaintiff's exceptions ordered to be heard in the first instance by the Appellate Division and directed a dismissal of the complaint.

The defendant's charter provides : " Whenever any expenditures to be made or incurred by the common council or city board or any city officer in behalf of the city for work to be done, or materials or supplies to be furnished, * * * shall exceed two hundred dollars, the city clerk shall advertise for and receive proposals therefor, in such manner as the common council, or as the board or officer charged with making such contract shall prescribe, and the contract therefor shall be let to the lowest responsible bidder, who shall execute a bond to said city with one or more sureties, being freeholders, for the faithful performance of the contract." (Laws of 1899, chapter 128, section 33.)

The city clerk in pursuance of said statute and resolutions of the common council of the defendant published a notice as follows : " Sealed proposals will be received by the city clerk at his office * * * for the regulating and grading of * * * in the city of New Rochelle upon plans and specifications prepared by the city engineer which may be procured upon application at his office in the city hall building * * *. A certified check to the amount of $1,000 must accompany each bid * * *. The common council reserves the right to reject any and all bids. * * * "

In pursuance of such notice six bids were filed in accordance with said advertisement. The bids were in items which required a computation to determine the aggregate amount

of each bid. Accompanying the plaintiff's bid was a certified check for $1,000 and a written statement by a responsible surety company that in case the contract was awarded to the plaintiff such surety company would become bound as such surety and guarantor for the faithful performance of the contract and execute a bond therefor as required by the statute. The plaintiff was a responsible bidder. After the opening of the bids the common council referred all the bids to the street and sidewalk committee and the city engineer to tabulate and report at an adjourned meeting and the meeting then adjourned to a day specified.

On the adjourned day the committee to which the bids were referred reported, by which report it appeared that the aggregate amount of the plaintiff's bid was $61,626.30, and that he was the lowest bidder. Without discussion or further consideration a resolution was then offered and passed as follows: "*Resolved*, that the bid of F. W. Molloy (plaintiff) be rejected." Thereupon a further resolution was adopted as follows: " On motion * * * the contract for the improvement of North Avenue, Horton Avenue and Brook street is awarded to Ensignor Brothers at the sum of $64,204.40." The plaintiff thereupon filed a protest against the action of the common council and subsequently brought this action.

At the Trial Term the plaintiff in addition to showing the facts as stated offered evidence to show that his profits on the contract would have been $16,889.40 and rested. The court thereupon dismissed the complaint and ordered that the exceptions taken during the trial be heard in the first instance at the Appellate Division, and that entry of judgment upon the verdict aforesaid be suspended in the meantime until the hearing and decision by said Appellate Division of said exceptions. The Appellate Division overruled the exceptions and judgment was entered dismissing the complaint.

*L. Laflin Kellogg* and *Alfred C. Petté* for appellant. The plaintiff being concededly the lowest responsible bidder for

the doing of the work proposed, the arbitrary rejection of his bid was wholly unauthorized and illegal. (*People ex rel. Coughlin* v. *Gleason*, 121 N. Y. 631.) The charter of the defendant made it mandatory upon the common council to award the contract to the lowest responsible bidder, if any award was made at all, and entitled the plaintiff to the award of the contract as a matter of law, and the refusal of the city authorities to award the contract to him was a breach thereof entitling him to damages. (L. 1890, ch. 128, § 33; *People ex rel. Lunney* v. *Campbell*, 72 N. Y. 496; *Lynch* v. *Mayor*, etc., 2 App. Div. 213; *Pennell* v. *Mayor, etc.*, 17 App. Div. 455; *Beckwith* v. *City of New York*, 121 App. Div. 462; *Walsh* v. *Mayor, etc.*, 113 N. Y. 142; *Argenti* v. *City of San Francisco*, 16 Cal. 255; *City of Madison* v. *Moore*, 109 Iowa, 476; *S. I. W. & C. Co.* v. *Mayor, etc.*, 66 Fed. Rep. 140; *Turner* v. *Freemont*, 159 Fed. Rep. 221.)

*Michael J. Tierney* for respondent. There was no contractual relation between the plaintiff and defendant and the complaint was properly dismissed. (*People ex rel. Francis* v. *Common Council of Troy*, 78 N. Y. 33; *Erving* v. *Mayor, etc.*, 131 N. Y. 133; *Gleason* v. *P. Mfg. Co.*, 1 App. Div. 257; *Gas Light Co.* v. *Donnelly*, 93 N. Y. 157; *Comm. ex rel. Snyder* v. *Mitchell*, 82 Penn. St. 343; *Findley* v. *City of Pittsburg*, 82 Penn. St. 351; *Douglas* v. *Comm. ex rel. Senior*, 108 Penn. St. 559.) The appellant cannot succeed in this action because of the provision of respondent's charter for the award to the lowest bidder, as that provision was intended for the benefit and protection of the respondent, or a taxpayer, and not at all for the benefit of the contractor. (Dillon on Mun. Corp. [4th ed.] § 470; *Smith* v. *Mayor, etc.*, 10 N. Y. 504; *Strong* v. *Campbell*, 11 Barb. 138; *C. P. Co.* v. *Murphy*, 49 U. S. App. 17; *E. R. G. Co.* v. *Donnelly*, 93 N. Y. 561.)

CHASE, J. Provisions similar to the one in the defendant's charter from which we have quoted are common in municipal

charters everywhere. Such provisions are intended to prevent favoritism. They result from an effort to prevent official action being influenced by improper motives. The same effort to prevent improper official action finds expression in the Village Law (section 332), the General City Law (section 3) and in many municipal charters, where it is provided that an officer therein shall not be directly or indirectly interested in a contract which he, or a board of which he is a member, is authorized to make on behalf of the municipality.

Municipal officers acting in behalf of the municipality should not have a personal interest in determining who shall be awarded a contract or be affected in any way in their official action towards a favorite among the bidders. Such contracts should be made with the lowest responsible bidder therefor, because there is less opportunity in contracts so let for improper special agreements to the disadvantage of the corporation, and such contracts are in consequence thereof, and because of the competition, more economical for the municipality. The meaning and purpose of provisions in municipal charters requiring that contracts shall be made with the lowest responsible bidders therefor have been repeatedly defined and stated by the courts.

In *Brady* v. *Mayor, etc., of N. Y.* (20 N. Y. 312) the court, referring to a similar provision in the charter of the city of New York, say: "It was based upon motives of public economy, and originated, perhaps, in some degree of distrust of the officers to whom the duty of making contracts for the public service was committed. If executed according to its intention, it will preclude favoritism and jobbing, and such was its obvious purpose. It does not require any argument to show that a contract made in violation of its requirements is null and void." (p. 316.)

In *People ex rel. Coughlin* v. *Gleason* (121 N. Y. 631) the court, referring to a similar provision in the charter of Long Island City, say: "This provision was inserted in the charter undoubtedly to prevent favoritism, corruption, extravagance and improvidence in the procurement of work and supplies

for the city, and should be so administered and construed as fairly and reasonably to accomplish this purpose." (p. 634.)

Such a statutory provision enacted as a protection to the corporation cannot be used to make a disobedience of its provisions by the municipal officers a double source of punishment to the municipality. If the plaintiff is right in his contention then a disobedience of the provisions of the statute will make the municipality pay the difference between the lowest bid and the bid for which the contract is made and also the profit that the lowest responsible bidder would have made if the statute had not been violated. But such is not the purpose of the charter provision.

In *Strong* v. *Campbell* (11 Barb. 135) the court say : " Whenever an action is brought for a breach of duty imposed by statute, the party bringing it must show that he had an interest in the performance of the duty, and that the duty was imposed for his benefit. But where the duty was created or imposed for the benefit of another, and the advantage to be derived to the party prosecuting, by its performance, is merely incidental and no part of the design of the statute, no such right is created as forms the subject of an action." (p. 138.)

In *East River Gas Light Company* v. *Donnelly* (93 N. Y. 557) the court, referring to a similar statute, say : " The statute merely provides a scheme for the prudent administration of the affairs of the city, and has imposed a duty upon the defendants to carry it out. This duty appears, from the plaintiff's showing, to have been violated. But the duty is a public duty to the city or people at large, not to the plaintiff or for the benefit of individuals, or the promotion of any private interest, nor has the statute given to the plaintiff or any person an action for its violation." (p. 561.)

The court used the language quoted in an action brought by the plaintiff against the defendants, who composed the common council of Long Island City, to recover against them individually the damages which he claimed to have incurred by reason of their failure to obey the statute. Such language,

however, is applicable to this action in which the plaintiff seeks to make the municipality respond in damages for the failure of its officers to obey a statute enacted for the express purpose of protecting the municipality in its property rights. The statute was not enacted for the benefit of the plaintiff, and he cannot recover by reason of its provisions. (*Talbot Paving Co.* v. *City of Detroit*, 109 Mich. 657.)

Although the plaintiff asserts rights under the statute, he also claims to be entitled to recover on contract. No contractual relation can arise merely from a bid unless by the terms of the statute and the advertisement a bid in pursuance thereof is, as a matter of law, an acceptance of an offer wholly apart from any action on the part of the municipality or any of its officers. Such plainly is not the plaintiff's case. The statute and the advertisement in this case call for *proposals.* The common council reserved the right to reject any and all bids. Under a statute requiring that all contracts shall be awarded to the lowest bidder, the body awarding the contract acting in good faith may refuse to so award the contract if they deem it for the best interest of the city to do so, and may reject all of the bids and readvertise. (*Walsh* v. *Mayor, etc., of New York,* 113 N. Y. 142.)

This court in *Erving* v. *Mayor, etc., of New York* (131 N. Y. 133) say: "The awarding of the contract on the part of the officer to one of several bidders requires the exercise on his part of judgment and discretion and the award itself should be manifested by some formal official act on his part, and ordinarily reduced to writing and made a part of the records in his department. In no other way can the rights of the parties be preserved, at least prior to the actual execution of the contract. The mere arithmetical operation of ascertaining which bid is the lowest does not constitute an award. The duty of the commissioner to examine the proposals and award the contract is judicial in its nature and character, and the award is the result of a judicial act." (p. 138.)

The plaintiff's bid in this case was never accepted. It was expressly rejected by the common council. The plaintiff,

therefore, does not sustain a contractual relation with the defendant and cannot sustain this action as upon contract. The authorities mentioned by the plaintiff are all distinguishable from this case. They are each based upon an accepted bid.

In *Lynch* v. *Mayor, etc., of N. Y.* (2 App. Div. 213) plaintiff sought to recover damages in consequence of the defendant's refusal to execute a contract whereby the plaintiff was to perform certain work in the construction of a sewer in the city of New York. The plaintiff presented a bid for the work pursuant to an advertisement and he was thereafter duly notified that his bid was the lowest and that the contract had been awarded to him. The notice to the plaintiff was given in accordance with the action and determination of the commissioner of street improvements to whom the bids were delivered. Six days thereafter the commissioner notified the plaintiff that his bid was rejected on account of an irregularity therein. The defendant then refused to execute the formal contract with the plaintiff and an action was brought. It was held that the proposal by the plaintiff and the acceptance thereof by the commissioner constituted a contract binding upon both and that it was then too late to reject all bids and that the plaintiff was entitled to judgment for his damages.

In *People ex rel. Lunney* v. *Campbell* (72 N. Y. 496) the relator sought by mandamus to compel the defendant as commissioner of public works of the city of New York to enter into a contract with him for certain grading, etc. It appeared that the relator was the lowest bidder for the contract and that his bid had been accepted and the contract awarded to him. The Special Term denied the application for a mandamus and the order was affirmed by the General Term of the Supreme Court and also by this court. This court say : " There appears to be no question that if the proceedings were all regular and conducted according to law, as is asserted, and the relator has in all respects conformed to the provisions of the city charter, that he has a right of action against the city for all damages which he has sustained, by reason of the

refusal of the commissioner to execute and carry out the contract. No rule is better settled by the decision of the courts than that in such a case mandamus will not lie." (p. 498.)

In *Pennell* v. *Mayor, etc., of N. Y.* (17 App. Div. 455) the plaintiffs were the lowest bidders for certain work in the city of New York. The bid was sent by the commissioner of public works to the comptroller for his approval of the sureties on the contract. A change in the sureties was made by mutual consent and the plaintiffs were informed orally by the commissioner of public works that he would execute a contract for the work in question. Subsequently the commissioner refused to execute the contract. It was held that the bidder was entitled to recover the damages sustained by him by reason of such refusal.

In *People ex rel. Ryan* v. *Aldridge* (83 Hun, 279) the common council of Rochester advertised for proposals for a survey of a portion of the territory of the city, and directed that the mayor execute a contract for the work to the lowest competent surveyor bidding therefor. The bid of the relator was accepted and the work was awarded to him by resolution. Shortly thereafter the common council voted to reconsider its previous action and indefinitely postponed further action thereon. This proceeding was brought to compel the execution of the contract with the relator. Held, that if a municipality has contracted with a party to do certain work and afterwards refuses to have it done, the municipality does not thereby relieve itself from the obligation of the contract, but the remedy of the contractor is confined to his action for damages resulting from its breach.

It is urged that unless bidders are given some rights under the statutes mentioned it will result in the statutes being wholly disregarded. The provisions of such statutes are always rigidly enforced by the courts when their enforcement is sought by one for whose benefit they are enacted.

Actions upon contracts let in violation of such statutes are not sustained. (*Dickinson* v. *City of Poughkeepsie*, 75 N. Y. 65; *McDonald* v. *Mayor, etc., of N. Y.*, 68 N. Y. 23; *City*

*Improvement Co.* v. *Broderick,* 125 Cal. 139; *La France Fire Engine Co.* v. *City of Syracuse,* 33 Misc. Rep. 516; *Walton* v. *Mayor, etc., of N. Y.,* 26 App. Div. 76; Smith's Modern Law of Mun. Cor. sec. 746.)

The petitions of contractors, who have taken contracts in violation of such statutes to compel municipal officers to pay in pursuance of such contracts, are denied. (*People ex rel. Coughlin* v. *Gleason,* 121 N. Y. 631.)

Assessments involving expenditures in violation of such statutes are set aside upon the petition of taxpayers. (*Matter of Emigrant Industrial Savings Bank,* 75 N. Y. 388; *People ex rel. Weiss* v. *City of Buffalo,* 84 N. Y. Supp. 434; *Matter of Merriam,* 84 N. Y. 596.)

An action may be maintained by a taxpayer to prevent any illegal official act by an officer, agent, commissioner or other person acting on behalf of a municipal corporation. (General Municipal Law, sec. 51; Code Civil Procedure, sec. 1925.)

A taxpayer otherwise qualified to maintain an action under the statutes to prevent illegal official acts and a waste of public funds is not otherwise disqualified because specially and peculiarly interested in the event. (*Gage* v. *City of New York,* 110 App. Div. 403; *Times Pub. Co.* v. *City of Everett,* 9 Wash. 518.)

Counsel for the appellant in his oral argument requested that we should discuss in this opinion the question of the power of the courts in any case to direct by mandamus the officer or board charged with the duty of entering into municipal contracts as to which of several bidders therefor should be awarded the contract. That question is not presented on this appeal for our determination. It should be left for discussion and determination in a case where the question is directly and necessarily involved, unaffected by this decision except so far as it is controlled by what we have actually and necessarily decided herein.

The plaintiff cannot sustain this action and the judgment should be affirmed, with costs.

VANN, J. I concur in the result upon two grounds: 1. The plaintiff had no right to recover damages from the defendant for breach of contract, because there was no contract, as is clearly shown by Judge CHASE in his opinion.

2. The remedy of the plaintiff was by mandamus to compel the execution of a contract in accordance with the statute. He was the lowest responsible bidder; he tendered adequate security and the statute commanded the common council, unless they rejected all bids, to award the contract to him. (*People ex rel. Coughlin* v. *Gleason*, 121 N. Y. 631.)

The rejection of his bid and the acceptance of one higher by several thousand dollars was arbitrary and illegal. It was presumptively corrupt, for favoritism is one form of corruption. For such a violation of law by those who represent the city there should be a remedy against the city and, as it cannot be by way of damages for breach of contract it should be by mandamus. Otherwise competition may be stifled through the want of inducement to bid for public work.

The opinion in *People ex rel. Lunney* v. *Campbell* (72 N. Y. 496), in so far as it declares that there is no remedy by mandamus in such cases, was *obiter* and should be disregarded. At least, if the court is of the opinion that mandamus will not lie, a suggestion should be made to the legislature, for the public as well as the lowest bidder need protection. In many cases the public can be adequately protected only through the lowest bidder. According to the law, as apparently left by the decision about to be made, the city is helpless because it is in the hands of the wrongdoers, and if the lowest bidder has no remedy, there is no one impelled by duty or self-interest to prevent the violation of an important provision, common to nearly all municipal charters, designed to protect the public, but now practically useless.

CULLEN, Ch. J., HAIGHT, WERNER, WILLARD BARTLETT and HISCOCK, JJ., concur with CHASE, J.; VANN, J., concurs in result in opinion.

Judgment affirmed.