PEOPLE ex rel. FISHER v. LENNON et al.

(Supreme Court, Appellate Division, Second Department.   December 28, 1911.)

MANDAMUS (§ 3*)—CONTRACT FOR PUBLIC WORK—ADEQUACY OF OTHER REM-
EDY.

　　Mandamus does not lie to compel a city advertising for bids for street
work, subject to the reserved right, under the charter, to reject all bids,
to execute a contract with the lowest bidder, since the bidder establish-
ing a clear legal right to the contract has a remedy at law in an action
against the city for damages, and since the city may abandon the im-
provement in whole or in part before work is actually commenced.

　　[Ed. Note.—For other cases, see Mandamus, Cent. Dig. §§ 10–34; Dec.
Dig. § 3.*]

Appeal from Special Term, Westchester County.

Mandamus by the People, on the relation of Anthony Fisher,
against James T. Lennon and others, composing the board of contract
and supply of the city of Yonkers to compel the execution of a con-
tract.   From an order denying an application for a writ of peremp-
tory mandamus, relator appeals.   Affirmed.

Argued before JENKS, P. J., and HIRSCHBERG, CARR,
THOMAS, and RICH, JJ.

Adrian M. Potter, for appellant.

Thomas F. Curran, Corp. Counsel, for respondents.

HIRSCHBERG, J.   The city of Yonkers is incorporated under the
provisions of chapter 55 of the Laws of 1909 (Consol. Laws 1909, c.
53), known as the "Second-Class Cities Law."   The respondents,
composing the board of contract and supply of the city, in June, 1911,
duly advertised for proposals for re-regulating, grading, and other-
wise improving Nepperhan avenue, in said city.   The relator, An-
thony Fisher, was the lowest bidder, but, before formally accepting
his bid and entering into a formal contract, some question was raised
by the respondents as to the sufficiency of the bondsmen proposed
by him, and opportunity was furnished to him to procure bondsmen
satisfactory to the board.   A number of meetings was had between
him and the board, the delay in each instance being occasioned by
the insufficiency of the bondsmen suggested by him, until finally, on
the 11th of July, the matter of bondsmen was adjusted by him to
the satisfaction of the board.   At that time, however, the property
owners on the line of the proposed improvement had agreed to fur-
nish to the city certain slope rights for the purpose of filling on the
line of the contemplated improvement, which would greatly lessen the
public cost; and, pursuant thereto, the city authorities rescinded the
special ordinance under which the bids had been invited, with the
intention in good faith of carrying on the work in the cheaper form
suggested.   The relator then applied to Special Term for a peremp-
tory mandamus to compel the execution of the contract, and this ap-
peal is from an order denying his application.

It was held in People ex rel. Lunney v. Campbell, 72 N. Y. 496,
that where a city advertised for proposals for a street improvement,

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

the lowest bidder whose proposal had been accepted was not entitled to compel the execution of a contract by mandamus. The court held that if a bidder established a clear legal right to the contract, his remedy was at law in an action against the city to recover damages. The learned counsel for the appellant cites no authority in conflict with this decision. He does cite the opinion of Judge Vann in Molloy v. City of New Rochelle, 198 N. Y. 402, 412, 92 N. E. 94, 30 L. R. A. (N. S.) 126, to the effect that the opinion in the Lunney Case, supra, in so far as it declares that the remedy by mandamus does not exist, is obiter. That opinion, however, was written in concurrence in the result only of the decision rendered by the Court of Appeals in the Molloy Case. The court in that case decided that a proposal creates no contractual relation between the city and the bidder, and that no contractual relation can arise merely from a bid, unless from the terms of the statute and the advertisement a bid in pursuance thereof is as matter of law an acceptance of an offer wholly apart from any action on the part of the municipality or any of its officers. The respondents herein by the terms of the charter and of the advertisements expressly reserved the right to reject any and all bids; but, aside from this consideration, it seems plain that the city would be at liberty for any sufficient reason to abandon the proposed improvement in whole or in part before the work was actually commenced, leaving even a contractor to his legal remedy for damages.

It follows that the order appealed from must be affirmed. Order affirmed, with $10 costs and disbursements. All concur.