### KUHN v. CITY OF BUFFALO et al.

(Supreme Court, Equity Term, Erie County. December, 1913.)

1. MUNICIPAL CORPORATIONS (§ 331*)—CONTRACTS—COMPETITIVE BIDDING—STATUTES.

Buffalo City Charter, § 283, provides that no expenditure or contract involving $500 or more shall be made by the commissioner of public works without consent of the common council, and, before such commissioner shall contract for the performance of any work, the expense of which exceeds $500, he shall invite bids on plans and specifications, and the contract shall be let to the lowest responsible bidder, etc. *Held*, that both such section and public policy require that the plans and specifications for work involving more than $500 shall be plain and definite, and without alternative provisions reserving to the representative of the municipality discretion as to what may be required, to the end that, except in the case of a patented article, all bidders shall be afforded an equal opportunity to compete on the same basis.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 856, 857; Dec. Dig. § 331.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

2. MUNICIPAL CORPORATIONS (§ 341*)—PUBLIC WORK—PLANS AND SPECIFICA-
　　TIONS.
　　　Where the plans and specifications for furnishing and installing a sys-
　tem of mechanical refrigeration in a municipal market were ambiguous
　and indefinite and did not show whether a vertical or horizontal pump
　was required, they were illegal, and a contract based thereon was subject
　to be annulled in a taxpayer's action, independent of fraud, collusion, or
　favoritism.
　　　[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §
　874; Dec. Dig. § 341.*]

Action by Margaret Kuhn against the City of Buffalo and others to
enjoin official acts constituting a waste of public funds. Judgment for
plaintiff.

Vernon Cole, of Buffalo, for plaintiff.

Jeremiah W. Hurley, Asst. City Atty., of Buffalo, for City of Buffa-
lo and Commissioner of Public Works.

Guy B. Moore, of Buffalo, for defendant Mollenberg-Betz Mach.
Co.

LAUGHLIN, J. In the month of June, 1913, the commissioner of
public works of the city of Buffalo, pursuant to authority duly confer-
red upon him by the charter of the city, and by resolution of the com-
mon council, caused plans and specifications for furnishing and install-
ing a system of mechanical refrigeration at the Washington Market to
be prepared and filed in his office, with a view to advertising for sealed
proposals, as required by section 283 of the Charter; it having been
anticipated that the improvement would cost more than $500.

[1] It was evidently deemed advisable and decided to prepare plans
and specifications containing material general provisions, with which
all proposals were required to conform, affording, however, an oppor-
tunity for bidders to submit proposals for furnishing any make or de-
sign of refrigerating machine which would conform to all the general
requirements of such plans and specifications. Said section of the
Charter is as follows:

"Sec. 283. No expenditure or contract exceeding or involving the sum of
five hundred dollars shall be made by the commissioner of public works with-
out the consent of the common council. Before the commissioner of public
works shall enter into a contract for the performance of any work, the ex-
pense of which shall exceed the sum of five hundred dollars, he shall cause a
notice to be published in the official paper, and two other daily papers in the
city, twice a week for two weeks, inviting proposals for the same, accord-
ing to the plans and specifications to be filed in his office, and the contract
shall be let to the lowest responsible bidder, who shall furnish security for
its performance satisfactory to the commissioner of public works."

That section was designed to give the taxpayers the full benefit of
competitive bidding; and both the law and public policy require that
the plans and specifications must be plain and definite and without al-
ternative provisions reserving to the representative of the municipality
discretion as to what may be required, to the end that unless a patented
article be involved, in which case a somewhat different rule necessarily
obtains (Warren Bros. Co. v. City of New York, 190 N. Y. 297, 83 N.

E. 59), all bidders shall be afforded an equal opportunity to compete on the same basis, and, that there may be no fraud or collusion in awarding the contract, this rule will be rigidly enforced by the courts in the interest of the public (Molloy v. City of New Rochelle, 198 N. Y. 402, 92 N. E. 94, 30 L. R. A. [N. S.] 126; Hart v. City of New York, 201 N. Y. 45, 94 N. E. 219; Gage v. City of New York, 110 App. Div. 403, 97 N. Y. Supp. 157; Matter of Morris & Cumings Dredging Co., 116 App. Div. 257, 101 N. Y. Supp. 726).

[2] If the plans and specifications do not conform to that rule, they are illegal, and a contract based thereon cannot withstand attack by a taxpayer, even though, as in the case at bar, there be no evidence of fraud, collusion, or favoritism. Gage v. City, supra, 110 App. Div. 415, 97 N. Y. Supp. 157.

There is here no evidence of fraud, collusion, or favoritism; but the plans and specifications are ambiguous and indefinite, so much so that bidders were confused, and could not know, unless by special inquiry, whether a vertical or horizontal pump was required; and it has been shown conclusively and stands uncontradicted, and, after an adjournment to enable the defendants to controvert it if they could, they came into court and conceded, that it cannot be controverted that the proposal of the defendant company, to which the contract has been awarded, does not, and the refrigerating machine it is required to furnish under the contract as made, does not, conform to the requirements of the specifications, in that such machine has not the displacement capacity of five cubic feet per ton minute with 100 revolutions per minute.

The preparation of plans and specifications for this work required special skill and training, and for that reason one representing himself and supposed to be an expert in that line was employed, and the commissioner of public works and the common council evidently relied upon and were misled by him, both with respect to the definiteness of the specifications, and with respect to the proposal of the defendant company being a compliance therewith. It is quite evident that it was believed by the public officials, when this contract was awarded, that the machine which the defendant company proposed furnishing fully complied with the plans and specifications, for it appears that the question that received consideration was, considering the comparative efficiency of the machines proposed to be furnished by the defendant company, and that proposed by the bidder whose total figures were lowest, which was in fact the lowest bid.

It seems quite clear to me, in the circumstances, that the contract should be canceled and annulled, leaving the city at liberty to revise the specifications and readvertise for proposals.

Let judgment be entered accordingly.