CHARLES D. BECKWITH, Plaintiff, *v.* CITY OF NEW ROCHELLE and Others, Defendants.

Supreme Court, Westchester County, October 9, 1929.

*Seacord, Ritchie & Young* [*Albert Ritchie* of counsel], for the plaintiff.

*Charles Van Auken, Corporation Counsel* [*Aaron Simmons* of counsel], for the defendants City of New Rochelle and others.

*John J. Mancusi* [*Clinton T. Taylor* of counsel], for the defendant Romaniello Contracting Company, Inc.

TAYLOR, J. The plaintiff, as a taxpayer (Gen. Municipal Law, § 51), sues for an injunction to restrain the other defendants from executing a contract with the defendant Romaniello Contracting Company, Inc., for the resurfacing, with a special paving material known as amiesite, the highway known as Union avenue between Webster avenue and Fourth street, in New Rochelle — the resurfacing in area to be 5,100 square yards. The common council duly authorized such resurfacing by a resolution which, in effect, provided for scarifying and other work, including the lowering of the crown of the road and the placing of a permanent top thereon. The defendant Scofield, the commissioner of public works, caused an advertisement for bids to be published in the official newspaper. Such advertisement, while specifying no particular material with which the resurfacing was to be done, did refer to plans and specifications and a proposed contract form which might be examined at his office. Said specifications disclosed that " amiesite " was the

material to be used; this is either a patented paving material or a patented process for making or laying the same — at all events, it has the attributes of a patented article. The Halton Amiesite Company, Inc., had an exclusive agency for the sale of that material in the territory which included New Rochelle. No provision of the charter of New Rochelle expressly prevents the use of patented articles in the public works, and, indeed, no reference to any such articles is made therein, in which respect New Rochelle's charter differs from those of some of the other municipalities. While neither the said advertisement nor the specifications made reference to that fact, I find that there was at the same time on file in the commissioner's office, near the specifications, a letter from the said exclusive "Amiesite" agency, quoting a price of $11.25 per ton for that material delivered to contractors in New Rochelle, for work advertised by the city. That letter was hanging in a conspicuous place in the commissioner's office, and each of the bidders named below knew that "amiesite" was available to all contractors at that price, when such bidder made its bid, and the material was in fact available to any bidder at that price. It is quite significant that the plaintiff's witness Kanen, the engineer for Charles D. Beckwith, Inc., an unsuccessful bidder, did not disclaim such knowledge upon the trial, and, indeed, his testimony indicates that he and the plaintiff, the president of the Beckwith corporation, knew that amiesite was available to them, but deliberately specified in their bid a different material. Three bids were received, one of the Halton Amiesite Co., Inc., for the sum of $14,393, one of the defendant Romaniello Contracting Company, Inc., for $14,194, and a third by Charles D. Beckwith, Inc., for $11,903. The Halton and Romaniello bids contemplated the performance of the required work in accordance with the specifications, calling, *inter alia*, for amiesite. Not so, however, with the Beckwith, Inc., bid, which disregarded the specification altogether in this particular, and arbitrarily provided for the use of asphaltic concrete. The theory of the plaintiff appears to be (1) that as asphaltic concrete would make a better paving job (2) for $2,297 less money, the entire work considered, (3) that the competition in bidding which the charter of New Rochelle (Laws of 1910, chap. 559) in section 114 thereof requires, was prevented by the specification of a patented article — amiesite — to be used in the resurfacing work; and (4) that a waste of public funds is in prospect if the defendants, the municipality and its appropriate officers defendants, proceed to execute a contract for the work with the Romaniello Contracting Company, Inc. Hence plaintiff's action above entitled. The plaintiff's theory also appears to be that the calling for a patented article, in the specification,

precludes actual competition among the bidders, and, therefore, prevents reduced prices for work resulting ordinarily from competition, and consequent presumptive and actual injury to the taxpayers, who, in that event, have a right to resort to the courts for relief and protection. (*Grace* v. *Forbes*, 64 Misc. 130, and cases therein cited.) This would be true, undoubtedly, if amiesite, at the same price, was unavailable to all bidders. The plaintiff also contends that notwithstanding the charter provision permitting rejection of bids or an award of the contract to one other than the lowest bidder, the appropriate defendants were bound to award the contract here involved to Charles D. Beckwith, Inc., alleged to be the lowest bidder for the work, and concededly a responsible one. That corporation, however, did not bid in accordance with the specifications (See *Whitmore, Rauber & Vicinus* v. *Edgerton*, 87 Misc. 216, 222); therefore, Charles D. Beckwith, Inc., was *not* the lowest bidder in accordance with them. I need not determine what would have been the legal result if the Beckwith bid of $11,903 had been in accordance with the specifications calling for amiesite (See *Molloy* v. *City of New Rochelle*, 198 N. Y. 402), but I do determine that the Romaniello corporation was, in law, upon the undisputed proofs, the lowest bidder and that it is entitled to the contract under the award made by the appropriate defendants, *unless* the specification or the patented article or process in question creates a legal situation efficient herein to justify the restraint judicially of the appropriate defendants from executing the contract. I decide further that it was and is the function of the commissioner of public works to use his own judgment as to the kind of paving material to be used, and that the court may not interfere with or review his exercise of that judgment, in the absence of fraud, corruption or other inequitable conduct on his part — and the record here is barren of proof of any such conduct on his part. The evidence presented by plaintiff, which, over objection of the defendants, I received at the trial, and which I stated then I would weigh as to its legal sufficiency later, relating to the " best " material for resurfacing, was and is incompetent and irrelevant. I have disregarded it. I determine, further, that the competition contemplated by the charter was *not* prevented by the selection of amiesite, a patented article, for the resurfacing — this for the reason that said material was available to every bidder at the same price. (*Whitmore, etc., Case supra; Adams* v. *Van Zandt*, 199 N. Y. Supp. 225; *Saunders* v. *Iowa City*, 134 Iowa, 132.) Further I decide that the allegation of fraud and inequitable conduct on the part of the defendant commissioner is wholly unsustained by any proof.

Finally, I determine that there was and could be legally no injury to the taxpayers, upon the undisputed proof in this record.

The plaintiff, in my opinion, has no case. The complaint is, therefore, dismissed upon the merits, with one bill of costs to the defendants jointly. Settle decision and judgment upon notice. The plaintiff may present requests to find upon which I will pass. All papers will be retained by me pending such settlement.