John H. Galloway, Jr., J.
Respondents (hereinafter “ the City”) move to dismiss that portion of petitioners’ reply to their answer designated as “ For a Supplement to the Petition ”, upon the ground that it fails to state • — cause of action and is insufficient in law. The intervenor-respondent (hereinafter “ Valenti ”) joins in the motion.
Petitioner sought initially under CPLR article 78, an order in the nature of mandamus awarding a certain public improvement contract for electrical construction work to the petitioner, as the lowest bidder, (rather than to respondent Valenti), or in the alternative directing that said contract be readvertised for public bidding de novo, and enjoining the City from entering into a contract with Valenti for performance of such electrical construction work under a public letting theretofore conducted, and granting to petitioners such other and further relief as may be just.
*626 The order to show cause dated January 30, 1967, by which the proceeding was commenced stayed the City from executing said contract with Valenti pending the determination of the application. Thereafter the City moved to dismiss the petition as insufficient in law (in which Valenti joined). This court denied the motion and directed service of answers and a reply. Thereafter the City moved ex parte to vacate the aforesaid stay unless petitioners filed bonds in the aggregate sum of $400,000. The bonds were not filed. Petitioners’ counsel advised the City that they would not file such bonds, and that the City need not await the expiration of the time limited in which to file such bonds to enter into the Valenti contract if it wished so to do. The stay thus expired. On March 8, 1967 the City executed the contract with Valenti, which is proceeding with performance of the electrical construction work.
The original petition alleges that the award and execution of the contract to and with Valenti are contrary to law and to public policy in various respects enumerated therein, and that under a proper interpretation of the contract and bid invitation documents the petitioner Carroll-Batner was the low bidder rather than Valenti. The issues on the merits of the proceeding presently remain undetermined.
In their ‘ ‘ Supplement to the Petition ”, petitioners now allege that by giving the contract to Valenti and causing it to perform the same during the pendency of this mandamus proceeding, the City has disabled itself from complying with any judicial mandate to give the same contract to Carroll-Batner and to refrain from giving it to Valenti, and that the City has willfully frustrated the court’s ability to grant to the petitioner the specific equitable relief which was originally requested. Petitioners allege that respondents have thereby deprived Carroll-Batner of profits of $100,000 which it would have earned from performance of the contract, and demand judgment in that sum, if their original prayer for equitable relief be denied because of respondents’ frustration thereof.
It is this portion of the reply which the City and Valenti move to dismiss as insufficient in law. The City’s grounds for dismissal are: (1) It was petitioners’ failure to post bond that permitted vacation of the stay and eliminated the possibility of equitable relief; (2) a disappointed bidder has no cause of action for damages for loss of profit; and (3) petitioners’ claim erroneously assumes that the court may properly award the contract to a particular bidder, and that on a rebidding they would become the successful bidder.
*627 Valenti’s grounds for dismissal are: That an aggrieved bidder has no claim for damages against a municipality because his bid was improperly rejected, either on the theories of a violation of statutory provisions regulating public bidding procedures, or of breach of contract, or on the theory of prima facie tort committed by improper rejection of their bid.
Since Valenti here joins in the City’s motion to dismiss, which in turn rests upon the pleadings only, viz. — the original petition and that part of petitioners’ reply designated “ Supplement to the Petition”, we have disregarded Valenti’s two affirmations in support of the City’s motion and in reply to petitioners’ answering memoranda, as requested by the petitioners. At the same time, we deem the allegations of the “ Supplement to the Petition ” set forth in the reply to be new matter in the nature of an additional cause of action seeking alternative relief by way of damages against the City.
As also requested by petitioners, we do not consider the City’s relation in its brief of the facts with respect to the petitioners’ failure to post the bonds to preserve the stay against the City, and its discussion in Point I thereof as'to whether the alleged frustration of their ability to obtain the equitable relief sought was caused by their failure to post such bonds.
Thus, the question presented, as stated by petitioners, is: ‘ ‘ Where a City, during the pendency of a mandamus proceeding to compel the award of the contract to a low bidder, knowingly disables the Court from granting the requested relief by giving the contract to another, may not the petitioner recover damages in substitution for the equitable relief to which it was entitled when the proceeding was commenced? ”
This question is one of first impression to this court. Indeed, neither counsel for petitioners and for the City and Valenti nor we have been able to find a New York decision covering the precise factual situation here presented, where, during the pendency of the mandamus proceeding, the municipality has rendered the court impotent to grant the demanded equitable relief by executing the public contract with another bidding contractor whom it directs to perform the work.
In urging the applicability to this situation of the general rule that, in the exercise of equitable jurisdiction damages may be awarded in lieu of equitable relief, where a defendant renders the court impotent to award such relief by acts committed during the course of the litigation, petitioners rely upon a decision of the Circuit Court of Ohio in State ex rel. Tucker v. Newark (10 Ohio Cir. Dec. 440) and the statement based on that decision in Corpus Juris Secundum, as follows: “ [W]here parties insti *628 tute an action in mandamus against a city to compel the awarding of a contract to which they claim to be entitled, but, during the time the case is finally decided in their favor, the issuing of the peremptory writ of mandamus has become impracticable, such parties are entitled to have their damages for failure to award the contract to them determined in such mandamus suit. ’ ’ (55 C. J. S., mandamus, p. 317, “ Mandamus ” § 166).
In our opinion the New York cases holding that a rejected bidder may not sue at law for damages for loss of profits, (of which Molloy v. City of New Rochelle, 198 N. Y. 402, affg. 123 App. Div. 624 [2d Dept.] is a leading case), because he has neither a statutory right to damages for the improper rejection of his bid, nor a common-law right to damages for breach of contract, do meet the main thrust of the issue here presented, since petitioners’ argument is basically that they are entitled to damages for breach by the City of a common-law contract, as hereinafter discussed. According to Molloy and similar cases, a rejected bidder cannot have damages, because the statutes requiring the award of public contracts to the lowest responsible bidder were not enacted for the benefit of the private contractor, but for the protection of the municipal corporation and its taxpayers, and do not give to a rejected bidder an action for their violation; and because an unaccepted bid cannot sustain a contractual relation with the City or an action as upon contract.
In Molloy, the majority of the court declined to discuss the question of the power of the courts in any case to direct by mandamus the municipality as to which of several bidders for a contract should be awarded the contract, since the question was not presented to that court (Molloy v. City of New Rochelle, supra, p. 411). It must be noted, however, that Judge Vaun, in a concurring opinion in Molloy, stated that plaintiff’s remedy there was by mandamus to compel the execution of a contract with the lowest bidder. Molloy was not an article 78 proceeding, but an action at law by a rejected bidder against the city for damages for loss of profits. The trial court’s dismissal of the complaint was sustained by the appellate courts, for the reasons summarized above.
Furthermore, the City argues that CPLR 7806 limits the scope of the relief by way of damages which may be granted in an article 78 proceeding. CPLR 7806 provides in part: “Any restitution or damages granted to the petitioner must be incidental to the primary relief sought by the petitioner, and must be such as he might otherwise recover on the same set of facts in a separate action or proceeding * * * against the same body or officer in its or his official capacity. ’ ’ (Emphasis added.)
*629 These statutory requirements for entitlement to damages in an article 78 proceeding were expressly recognized and applied in Matter of Allen v. Eberling (24 A D 2d 594 [2d Dept.]) wherein the court said:
‘ ‘ As will appear, the second requirement is not met here because petitioner has neither statutory nor common-law right to damages.
‘1 The duty of the respondent board to advertise for bids is set forth in section 103 of the General Municipal Law, which prescribes when and the manner in which a municipality shall request bids and award contracts. This and similar statutes were enacted to protect municipalities and the taxpayers therein, not to benefit or enrich bidders (Molloy v. City of New Rochelle, 198 N. Y. 402, affg. 123 App. Div. 642 [and other authorities not here cited]).
‘ ‘ While it is true that an unsuccessful bidder has standing to maintain a proceeding to review the award of a contract in violation of a statute requiring that the contract go to the lowest responsible bidder [citations omitted] this procedure is sanctioned merely to ensure enforcement of the statute- [citation omitted]. The unsuccessful bidder is not entitled to recover from the municipality the profits which he might have made had his bid been accepted (Molloy v. City of New Rochelle, supra [other authorities cited omitted].)
“ Accordingly, appellant has no statutory right to damages by reason of the improper rejection of his bid.
“Nor does he have a right to damages on the common-law theory of breach of contract (Molloy v. City of New Rochelle, supra).” (Emphasis added.)
We are not referred to, nor have we found, any statute which gives an unsuccessful bidder a right to such damages for improper rejection of his bid, in an action independent of and separate from an article 78 proceeding.
But petitioners urge that when, as here, the City has frustrated the rejected bidder’s “proper remedy” of mandamus after it has been resorted to, then the bidder has a right to such damages for the City’s breach of a common-law contract, which came into existence when Carroll-Ratner submitted the low bid (according to its plea). They urge that upon submission of that low bid, a contract duty arose on the City’s part to give the electrical contract to Carroll-Ratner, as had been promised (assuming, of course that it was otherwise a qualified contractor) ; that the City breached, not the electrical contract, but the antecedent agreement to award said contract upon submission of the lowest qualified bid; and that there is no reason in law *630 or justice why a breach of that antecedent contract may not support an action for damages if the normal remedy of mandamus- is rendered ineffectual by the City’s acts, after it has been invoked.
In our opinion no contractual relationship between petitioners and the City was created upon the latters ’ submission of the low bid. The City’s invitation to bidders was a mere invitation for offers or proposals, and was not an “ offer ” or “ promise ” as a matter of law. The invitation to submit .a bid is not an offer, but “ the bid made in consequence of the invitation is an offer which if accepted will form a binding contract ” (9 N. Y. Jur., Contracts, § 22, p. 552.)
Petitioners’ contention was specifically rejected in Molloy v. City of New Rochelle (198 N. Y. 402, 408, supra) wherein the court said: “No contractual relation can arise merely from a bid unless by the terms of the statute and the advertisement a bid in pursuance thereof is, as a matter of law, an acceptance of an offer wholly apart from any action on the part of the municipality or any of its officers. - Such plainly is not the plaintiff’s case. The statute and the advertisement in this ease call for proposals.”
It is clear from the language of the City’s “ Instructions to Bidders ”, paragraph 12 thereof, that the submission of a bid is a proposal, and that ‘ ‘ the acceptances of a proposal shall effect an agreement between the City and the successful Bidder ”. (Emphasis added.) We conclude that no common-law contractual relation was here created for the breach of which by the City the petitioners may have damages for loss of profits. We further conclude that therefore petitioners do not meet the second requirement of CPLB 7806 for an award of damages in this article 78 proceeding.
Petitioners also urge the applicability here of the general rule in equity that where the granting of the specific equitable relief sought appears to be impossible or impracticable, equity may award damages in lieu of the desired equitable remedy, when that form of relief becomes necessary in order to prevent a failure of justice. They cite as a familiar application of the principle the cases of specific performance actions, where, in the event that a contract vendor conveys the property to a stranger during the pendency of the suit, equity awards legal relief in lieu of the frustrated equitable relief. We believe that the analogue drawn is inapposite, since in such cases there is available an alternative independent action at common law for damages upon the same facts. This was indeed recognized in Doyle v. Allstate Ins. Co. (1 N Y 2d 439, 443) and in Saperstein v. *631 Mechanics & Farmers Sav. Bank (228 N. Y. 257) both cited by the petitioners.
Petitioners’ reliance on the Ohio Circuit Court’s decision in State ex rel. Tucker v. Newark (supra) is misplaced, since it is distinguishable on one of its determinative facts from the situation at bar. It appeared there that relators were the lowest bidders on a paving contract and were entitled at the commencement of the suit to a peremptory writ of mandamus to compel the City of Newark, Ohio to award the contract to them. During the pendency of the mandamus proceeding the City awarded the contract to others, who completed performance of same. Section 6753 of the Revised Statutes of Ohio, which was one of numerous sections concerned with mandamus proceedings, expressly provided that ‘ ‘ If judgment be given for the plaintiff, the relator may recover the damages which he has sustained to be ascertained by the court, or a jury, or by a referee or master, as in a civil action, and costs; and a peremptory mandamus shall also be granted to him without delay.”
The Ohio Appellate Court said, in 10 Ohio Cir. Dec. 440, 442-443 (supra): “We think this case comes clearly within the provision of sec. 6753, Rev. Stat. If that is not the true construction of sec. 6753, then these relators have been deprived of all rights without any fault on their part. They have no remedy at law because the council has wrongfully and illegally refused to enter into a contract with them. The contract has never been made. They could not sue for breach of contract. Their only remedy was by mandamus to compel execution of that contract. Having been deprived of that right through delays in the court, then it seems to us clear that they must have their right to damages to be assessed in this same mandamus suit ”.
Quite clearly the relief in damages granted in that mandamus proceeding was grounded in the Ohio statute. We do not have such a statute in New York. But we do have CPLR 7806, which limits the award of damages in a mandamus proceeding to such as are incidental to the primary relief sought, and to such as are otherwise recoverable on the same set of facts in a separate action or proceeding against the same body or officer in its or his official capacity.
In view of the foregoing italicized statutory limitation on the judgments which may be granted under CPLR 78, we are unable to adopt the £ £ Ohio rule ’ ’ as declared under the Ohio statute in Tucker v. Newark (supra) however impressively and, to us persuasively, petitioners’ counsel argues for its adoption, and however enlightened we believe the “Ohio rule ” to be. La *632 our opinion, CPLR 7806 and Molloy v. City of New Rochelle (supra) and the line of decisions following Molloy, including particularly Matter of Allen v. Eberling (24 A D 2d 594, supra) have restricted the remedy of a rejected bidder to mandamus, in the factual situation here presented. (Molloy v. City of New Rochelle, 198 N. Y. 402, affg. 123 App. Div. 642, supra; Matter of Allen v. Eberling, 24 A D 2d 594, supra; Matter of Luboil Heat , & Power Corp. v. Pleydell, 178 Misc. 562.)
We are also of the opinion that CPLR 7806 reflects the rationale of those decisions written prior to 1962, and was expressly applied in Matter of Allen v. Eberling (supra) in 1965, and has provided the right to recover damages only on two certain conditions, the second of which the petitioners’ case does not meet, as herein demonstrated. In our judgment, as a result of the decision in Matter of Allen v. Eberling (supra) and the decision herein, the predicament of private contractors on public improvements in the present position of these petitioners requires that “ a suggestion should be made to the legislature [for remedial action], for the public as well as the lowest bidder need protection ”, as was suggested by Judge Vann in 1910 in Molloy (supra).
Accordingly, we determine that petitioners’ “ Supplement to the Petition ” contained in their reply fails to state a cause of action and is insufficient in law, and must be dismissed.