10 Cal.App.3d 1059 (1970)
89 Cal. Rptr. 320
FRANK RUBINO et al., Plaintiffs and Appellants,
v.
ANDREW R. LOLLI, as Director, etc., et al., Defendants and Respondents.
Docket No. 12341.
Court of Appeals of California, Third District.
August 31, 1970.
*1061 COUNSEL
Richard E. Macey for Plaintiffs and Appellants.
Thomas C. Lynch, Attorney General, and Richard D. Martland, Deputy Attorney General, for Defendants and Respondents.
OPINION
JANES, J.
Plaintiffs appeal from a judgment dismissing their first cause of action against the State of California and the director of its Department of General Services after the general demurrer of those defendants was sustained without leave to amend. A second cause of action, directed only against the Builders Exchange of Stockton, is not involved on this appeal.
The sole issue presented is the question whether, in a case where the state is required to award its contract to the lowest responsible bidder, such bidder acquires a cause of action for money damages against the state and its responsible officers when they award the contract to a higher bidder for reasons which constitute an abuse of discretion.[1]
(1a) Plaintiffs' complaint alleged that they, as partners and licensed general contractors, were the lowest responsible bidders on a state public works contract administered by defendant director under the State Contract Act (Gov. Code, § 14250 et seq.), but that, on February 16, 1968, the director awarded the contract to a competitor whose bid was $11,836 higher than plaintiffs' bid. It was further alleged that defendant state refused to award the contract to plaintiffs on the sole ground that plaintiffs "had obtained one or more of [their] bids from a bid depository"; that plaintiffs had in fact received some of their bids from a bid depository maintained by the Builders Exchange of Stockton, but that this circumstance did not constitute a violation either of any state law or of the bid depository certificate which plaintiffs submitted with their bid;[2] that defendants' failure *1062 to award the contract to plaintiffs was arbitrary, capricious, and an abuse of discretion, and had caused them damage; and that plaintiffs' claim filed with the state had been denied. The prayer of the complaint sought a money judgment for loss of profits.
Government Code section 14330 provides in material part that "[o]n the day named in the public notice [to bidders] the department shall publicly open the sealed bids and award the contracts to the lowest responsible bidders." Section 14254.5 of that code defines "department" as the Department of General Services as to any project under its jurisdiction.
(2) Government Code section 14335 provides that "[i]f the director deems the acceptance of the lowest responsible bid or bids is not for the best interests of the State, he may reject all bids and proceed by day's labor or advertise for other bids...." (Italics ours.) Since the statute confers upon the director the power to reject all bids, no right exists in the lowest bidder to compel the acceptance of his bid by a writ of mandate. (Charles L. Harney, Inc. v. Durkee (1951) 107 Cal. App.2d 570, 580 [237 P.2d 561, 31 A.L.R.2d 457]; see also, Old Town Dev. Corp. v. Urban Renewal Agency (1967) 249 Cal. App.2d 313, 331 [57 Cal. Rptr. 426]; Baldwin-Lima-Hamilton Corp. v. Superior Court (1962) 208 Cal. App.2d 803, 816-817 [25 Cal. Rptr. 798]; Judson Pacific-Murphy Corp. v. Durkee (1956) 144 Cal. App.2d 377, 382 [301 P.2d 97].) However, a contract award to one bidder may be restrained upon the petition of another bidder where such award would constitute an abuse of discretion by the awarding entity. (Baldwin-Lima-Hamilton Corp. v. Superior Court, supra, at pp. 824-826.)[3]
No reported California case has decided the question whether the lowest responsible bidder on a public works contract acquires a cause of action for money damages against the state or its responsible officers for arbitrary and wrongful rejection of his bid. (3) It has been pointed out, however, that "competitive bidding statutes are not passed for the benefit of bidders but for the benefit and protection of the public." (Charles L. Harney, Inc. v. Durkee, supra, 107 Cal. App.2d at p. 580; see also, Judson Pacific-Murphy Corp. v. Durkee, supra, 144 Cal. App.2d at p. 383.) This rationale has induced courts in other jurisdictions to deny the lowest responsible bidder a cause of action for damages against either the public entity or the *1063 officers who accepted the higher bid. (See Lane v. Board of Comrs. (1893) 7 Ind. App. 625 [35 N.E. 28]; Mortland v. Poweshiek County (1912) 156 Iowa 720 [137 N.W. 1009]; Talbot Paving Co. v. City of Detroit (1896) 109 Mich. 657 [67 N.W. 979]; Molloy v. City of New Rochelle (1910) 198 N.Y. 402 [92 N.E. 94]; East River Gas-Light Co. v. Donnelly (1883) 93 N.Y. 557; Allen v. Eberling (1965) 24 App.Div.2d 594 [262 N.Y.S.2d 121]; 10 McQuillin, Municipal Corporations (3d ed. 1966) § 29.86, pp. 452-453; 43 Am. Jur., Public Works and Contracts, § 65, p. 808.)
State ex rel. Tucker v. Newark (1899) 10 Ohio C.D. 440 [19 Ohio C.C. 5], upon which plaintiffs rely, is distinguishable because, unlike the California rule, in Tucker it had previously been determined that the lowest bidders had a right by mandamus to compel award of the contract to them. The Ohio court allowed them to sue for damages because their right to have their bids accepted became moot when another contractor completed the project. (See also, Carroll-Ratner Corp. v. City Manager (Sup.Ct. 1967) 54 Misc.2d 625 [283 N.Y.S.2d 218].)
(4) In California, however, the matter of the state's liability for damages is controlled by statute. (5) For liability purposes, respondent director is deemed a public employee; respondent state, of course, is a public entity. (Gov. Code, §§ 810.2, 811.2, 811.4.) Under Government Code section 820.2, "[e]xcept as otherwise provided by statute, a public employee is not liable for an injury resulting from his act or omission where the act or omission was the result of the exercise of the discretion vested in him, whether or not such discretion be abused." Subdivision (b) of Government Code section 815.2 states that, "[e]xcept as otherwise provided by statute, a public entity is not liable for an injury resulting from an act or omission of an employee of the public entity where the employee is immune from liability." (See also, Gov. Code, § 815.)
(1b) The director's determination of the identity of "the lowest responsible bidders" (Gov. Code, § 14330) involved the exercise of discretion. (Old Town Dev. Corp. v. Urban Renewal Agency, supra, 249 Cal. App.2d at p. 331; Judson Pacific-Murphy Corp. v. Durkee, supra, 144 Cal. App.2d at p. 382; Raymond v. Fresno City Unified School Dist. (1954) 123 Cal. App.2d 626, 629 [267 P.2d 69].) Hence the statutory immunities provided by sections 815.2 and 820.2 preclude any liability on respondents' part even if, as alleged, the director abused his discretion when he awarded the contract to plaintiffs' competitor. (See Old Town Dev. Corp. v. Urban *1064 Renewal Agency, supra, at pp. 334-335; cf., Southern Cal. Acoustics Co. v. C.V. Holder, Inc. (1969) 71 Cal.2d 719, 727-728 [79 Cal. Rptr. 319, 456 P.2d 975].)
The judgment is affirmed.
Pierce, P.J., and Friedman, J., concurred.
NOTES
[1] The question whether there was, in fact, an abuse of discretion in awarding the contract is not before us, since defendants' demurrer is deemed to have admitted all well pleaded allegations of the complaint for the purpose of testing its legal sufficiency. (2 Witkin, Cal. Procedure (1954), Pleading, § 484, p. 1471.)
[2] Since the appeal arises after demurrer sustained, the record contains no evidence concerning the operation of the Stockton "bid depository." (Compare: Carl N. Swenson Co. v. E.C. Braun Co. (1969) 272 Cal. App.2d 366 [77 Cal. Rptr. 378]; People v. Inland Bid Depository (1965) 233 Cal. App.2d 851 [44 Cal. Rptr. 206]; Mechanical Contractors Bid Depository v. Christiansen (10th Cir.1965) 352 F.2d 817.)
[3] In the case at bench, it appeared at oral argument in this court that plaintiffs' petition for a writ of mandate was denied in a separate proceeding in the superior court, and that no proceedings were undertaken by plaintiffs to restrain the director from making the contract award which is the subject of the present action.