[Civ. No. 25059.   First Dist., Div. Two.   Apr. 29, 1969.]

CARL N. SWENSON CO., INC., Plaintiff and Appellant, v. E. C. BRAUN CO., Defendant and Respondent.

Littler, Mendelson & Fastiff, Arthur Mendelson, James A. Carter and Robert M. Lieber for Plaintiff and Appellant.

Robert C. Taylor and Ronald H. Klein as Amici Curiae on behalf of Plaintiff and Appellant.

Edmond G. Thiede, Bancroft, Avery & McAlister, William H. Orrick, Jr., and Orrick, Herrington, Rowley & Sutcliffe and Robert J. Gloistein for Defendant and Respondent.

SHOEMAKER, P. J.—Plaintiff appeals from a judgment denying its petition for confirmation of an arbitration award and granting defendant's motion to dismiss and entry of judgment in defendant's favor.

The facts are without dispute. Plaintiff is a licensed general building contractor and defendant is a licensed subcontractor engaged in the plumbing and heating business. Defendant is a member of the Greater Bay Area Bid Service, a locked box bid service operated by the Plumbing-Heating-Cooling Contractors Association of the Greater Bay Area, Inc. (hereinafter referred to as "Contractors Association"). The bid service operated pursuant to bid depository rules which bound all members. On December 7, 1965, defendant submitted bids on a construction project at Moffett Field through the bid service and plaintiff as a general contractor received such bids. The bids submitted by defendant were (1) for plumbing alone and (2) a combination bid for plumbing, sheet metal and other mechanical work. On December 7, 1965, plaintiff executed a written acceptance of defendant's plumbing bid of $78,735, the low bid received for that work. On the same day, plaintiff was awarded the general contract on the Moffett Field project. However, defendant, prior to the opening of the bids by the government, purported to withdraw its plumbing bid. Plaintiff refused to recognize the right of defendant to withdraw its bid, contending that under the bid service rules it could not do so and the defendant, refusing to honor its bid, was taken by plaintiff before the Contractors Association. The dispute was thereafter submitted to the Fair Trade Committee

of the Contractors Association in accordance with the dispute settlement procedure provided for in the bid depository rules. A hearing was held and the committee ruled that defendant had not withdrawn its plumbing bid in accordance with the bid depository rules and directed that it enter into a subcontract with plaintiff for the performance of such work or be subject to the penalties provided for by said rules. Defendant refused to perform and thereupon the Fair Trade Committee ruled that defendant, under the rules, must pay plaintiff liquidated damages in the amount of $3,149.40. Defendant was notified of said decision and did not proceed with an appeal under the bid depository rules.

In due time plaintiff filed its petition for an order confirming the award and the entry of judgment against defendant in the amount of the award.

Defendant, opposing the confirmation, moved for vacation of the arbitration award, for dismissal of plaintiff's petition to confirm said award and for the entry of judgment for defendant. One of the grounds urged in support of defendant's motion was that the bid depository rules were illegal as a restraint of trade contrary to both state and federal antitrust legislation.

Prior to the hearing, plaintiff filed documents to the effect that defendant's attempt to withdraw its plumbing bid was not made by telegram, as required under the bid depository rules, and that defendant had also violated another of said rules by insisting upon its right to withdraw *only* its plumbing bid while refusing to withdraw its combination bid covering plumbing, sheet metal and mechanical work.

After hearing, the court found that the bid depository rules in effect on December 7, 1965, constituted an illegal group boycott and that the arbitration award in plaintiff's favor was predicated upon said rules. It concluded as a matter of law that the bid depository rules were in violation of the Cartwright Act and were illegal per se in their entirety; that the arbitration award in plaintiff's favor was likewise illegal and unenforceable; and that defendant was not estopped from raising this defense because neither the action nor inaction of any party to an illegal agreement could validate it nor could the conduct of a party estop it from asserting such invalidity.

Judgment was accordingly entered in favor of defendant.

▮ The California antitrust law, commonly known as the Cartwright Act (Bus. & Prof. Code, §§ 16700-16758) is patterned upon the federal Sherman Antitrust Act, and federal

cases construing the Sherman Act, as well as the common law policy against restraint of trade, are applicable with respect to the Cartwright Act. (*Chicago Title Ins. Co.* v. *Great Western Financial Corp.* (1968) 69 Cal.2d 305, 315 [70 Cal.Rptr. 849, 444 P.2d 481] ; *People* v. *Santa Clara Valley Bowling etc. Assn.* (1965) 238 Cal.App.2d 225, 232 [47 Cal.Rptr. 570].)

In reaching its determination relative to the illegality of certain of the bid depository rules adopted by the Contractors Association, the trial court relied upon the California case of *People* v. *Inland Bid Depository* (1965) 233 Cal.App.2d 851 [44 Cal.Rptr. 206], and the federal case of *Mechanical Contractors Bid Depository* v. *Christiansen* (10th Cir. 1965) 352 F.2d 817.

In the *Christiansen* case, the court held that the adoption and enforcement of certain bid depository rules, including one requiring general contractors utilizing the depository to use *only* bids received through the depository, constituted an invalid restraint on interstate commerce in violation of the Sherman Act.

In the *Inland Bid Depository* case, the court held that group boycotts were illegal per se, constituting restraints on trade in violation of the Cartwright Act. The court further held that a bid depository could not be allowed to operate under rules which (1) prevent, preclude or in any manner limit any subcontractor from submitting a bid to a general contractor or awarding authority on any construction project at any time prior to the time set by the awarding authority for the receipt of bids upon any such construction project; (2) limit or restrict, in any way, the amount of a bid submitted by a subcontractor to a general contractor or awarding authority at any time prior to the time set by the awarding authority for the receipt of bids upon a construction project; or (3) limit or in any way prevent a general contractor or awarding authority from receiving or considering any bid which is or may be submitted to him by a subcontractor at any time prior to the time set by the awarding authority for the receipt of bids upon a construction project.

Plaintiff concedes that certain of the bid depository rules adopted by the Contractors Association were of the type condemned in the *Christiansen* and *Inland Bid Depository* cases, i.e., section 2 of article III of said rules provides for a bid depository closing time of at least four hours before any prime bid closing time of 1 p.m. or thereafter and by certain

designated hours of the preceding afternoon if the prime bid closing time is prior to 1 p.m.; section 6, subdivision (a), of article III provides that no subcontractor who is a member of the bid depository may "accept work" on any project being bid through the bid service from any general contractor to whom he did not bid in accordance with the bid depository rules and hence through the depository; section 6, subdivisions (b) and (c) of article III provide that a general contractor must use the low bid received from the depository and may use the bid of an "outside" subcontractor only if said bid is placed in the depository by the general contractor and is the low bid received through the depository.

Plaintiff, however, takes the position that even though the above-mentioned rules are violative of the Cartwright Act, the defense of antitrust illegality may not properly be asserted against the arbitration award in plaintiff's favor because such award was based upon defendant's violation of other depository rules which are themselves valid and lawful and capable of being enforced independently of the invalid rules.

The rules giving rise to the arbitration award in plaintiff's favor consist of the following:

Section 3, subdivision (a) of article III provides that a bid must be revoked or withdrawn before the depository closing time or within two hours thereafter and that the revocation must be confirmed in writing or by telegram. The rule prohibits any bid from being changed in any manner, as opposed to withdrawn, after the depository closing time. A changed bid submitted prior to the depository closing time supersedes an earlier bid.

Section 3, subdivision (c) of article III provides that in the event separate bids are also submitted in combination, the withdrawal of a separate bid requires the withdrawal of any combination bid containing the withdrawn bid.

Section 1 of article V provides that any user of the bid service who violates the rules may, by majority vote of the Fair Trade Committee, be subject to liquidated damages, suspension from the bid service or any other penalties prescribed by the committee.

Section 2 of article V provides that a noncomplying user shall be required to pay a complying user liquidated damages in the amount of four percent of the bid of the complying user (the terms "complying user" and "noncomplying user" are defined in the rules).

Sections 2 through 6 of article VI set forth the procedure governing the hearing and determination of disputes by the Fair Trade Committee and provide that the committee's decision shall be final and binding unless appealed in the manner prescribed in section 6.

Plaintiff argues that although the *Inland Bid Depository* case held that it was unlawful for a bid depository to impose rules limiting the time for the *submission* of bids, there is nothing in that opinion which suggests that a bid depository may not lawfully limit the time for the *withdrawal* of bids. Plaintiff reasons that since the arbitration award against defendant was predicated upon its failure to withdraw its bid in accordance with the depository rules and its subsequent refusal to be bound by such bid and to enter into a contract with plaintiff, the arbitration award can properly be enforced without giving effect to any of the rules of the type condemned in the *Christiansen* or *Inland Bid Depository* cases.

Defendant, in response, asserts that section 3, subdivision (a), imposes an illegal restraint on trade, within the meaning of the *Inland Bid Depository* case, because it deprives a subcontractor of the right to withdraw a particular bid and submit an altered bid at any time prior to the general bid opening time and requires him to perform such actions prior to an earlier time limit established by the bid depository rules, and further reasons that the imposition of this earlier time limit stifles competition in and of itself because it precludes a subcontractor from lowering a previously submitted bid during the precise period, immediately preceding the general bid opening time, which, as pointed out in the *Inland Bid Depository* case, "is precisely the time of the most intensive competition by the subcontractors" (p. 861).

Defendant also asserts that section 3, subdivisions (a) and (c), must be read together and that the latter provision imposes a further invalid restraint on trade because it requires that a subcontractor who withdraws a particular separate bid must also withdraw any combination bid containing the withdrawn bid. Defendant points out that plaintiff does not question that it was actually desirous of withdrawing only its plumbing bid without withdrawing its combination bid which included the plumbing, sheet metal and mechanical work, and that had it been permitted under the depository rules to withdraw its separate plumbing bid, its combination bid would have been the low combination bid for the plumbing, sheet metal and mechanical work and would also have been

$567 lower than the combined total of the separate low bids for the plumbing, sheet metal and mechanical work submitted by the other subcontractors bidding through the depository. Under such circumstances, defendant contends that section 3, subdivisions (a) and (c), are clearly restrictive of free competition among subcontractors and that to enforce an arbitration award based upon defendant's violation of those provisions would be to foster an illegal restraint of trade. We agree.

The cases relied upon by plaintiff in support of its contention that the provisions of the rules that resulted in the arbitration award to plaintiff do not constitute a restraint of trade and hence cannot be used to deprive plaintiff of the judicial enforcement of the award have no application to the problem before us. In our opinion, analysis of section 3, subdivisions (a) and (c), effectively demonstrates that said provisions, when viewed in the context of the other bid depository rules which prohibit depository users from submitting or receiving bids outside the depository, do tend to stifle competition between subcontractors and do further an illegal restraint of trade within the meaning of the *Inland Bid Depository* case. Since section 3, subdivisions (a) and (c) contribute to this unlawful object, the arbitration award based upon defendant's violation thereof cannot be enforced by the courts.

Judgment affirmed.

Agee, J., and Taylor, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied June 25, 1969. Tobriner, J., was of the opinion that the petition should be granted.