Filed 4/16/13  Johnson v. Cal. Dept. of Corrections CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| KENNETH WAYNE JOHNSON, | |
| Plaintiff and Appellant, | E055862 |
| v. | (Super.Ct.No. BLC10000055) |
| CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION et al., | **OPINION** |
| Defendants and Respondents. | |

APPEAL from the Superior Court of Riverside County.  B.J. Bjork, Retired judge of the Riverside Superior Court assigned, by the Chief Justice pursuant to article VI, section 6 of the California Constitution, and Sarah Adams Christian, Judge.*  Affirmed.

Kenneth Wayne Plaintiff, in pro. per., for Plaintiff and Appellant.

Nield Law Group, Edgar R. Nield, Gabrielle DeSantis Nield, and Jeffrey J. Stein for Defendants and Respondents

---

\*       Judge Bjork granted the demurrer without leave to amend.  Judge Christian entered the judgment of dismissal.

1

Plaintiff and appellant Kenneth Wayne Plaintiff is a prisoner at Ironwood State Prison. On July 5, 2011, he filed a first amended complaint against the California Department of Corrections (CDC) and certain named individuals. On August 21, 2011, defendants CDC, Mathew Cates, Janet Rodriguez, David B. Long, and Loralee Murphy (collectively, defendants) filed a demurrer to the first amended complaint. On September 9, 2011, the trial court sustained defendants' demurrer without leave to amend. On April 25, 2012, it entered a judgment of dismissal. Plaintiff appeals.

I

STANDARD OF REVIEW

A demurrer is used to test the sufficiency of the factual allegations of the complaint to state a cause of action. (Code Civ. Proc., § 430.10, subd. (e).) The facts pled are assumed to be true, and the only issue is whether they are legally sufficient to state a cause of action.

"In reviewing the sufficiency of a complaint against a general demurrer, we are guided by long-settled rules. 'We treat the demurrer as admitting all material facts properly pleaded, but not contentions, deductions or conclusions of fact or law. [Citation.] We also consider matters which may be judicially noticed.' [Citation.] Further, we give the complaint a reasonable interpretation, reading it as a whole and its parts in their context. [Citation.] When a demurrer is sustained, we determine whether the complaint states facts sufficient to constitute a cause of action. [Citation.] And when it is sustained without leave to amend, we decide whether there is a reasonable possibility

2

that the defect can be cured by amendment: if it can be, the trial court has abused its discretion and we reverse; if not, there has been no abuse of discretion and we affirm. [Citations.]  The burden of proving such reasonable possibility is squarely on the plaintiff.  [Citation.]" (*Blank v. Kirwan* (1985) 39 Cal.3d 311, 318.)

Our standard of review is de novo: "Treating as true all material facts properly pleaded, we determine de novo whether the factual allegations of the complaint are adequate to state a cause of action under any legal theory, regardless of the title under which the factual basis for relief is stated.  [Citation.]" (*Burns v. Neiman Marcus Group, Inc.* (2009) 173 Cal.App.4th 479, 486.)

II

THE FIRST AMENDED COMPLAINT

Plaintiff's primary argument is that "upon arrival at the prison reception center (in Chino, Ca.) DOES 1-5 turned all new arrivals from Los Angeles County Jail (LACJ) over to and into the control of DOES 6-10 [other inmates] to fingerprint, photograph and collect other personal information reported and recorded onto official records."  The collection of this information by other inmates is alleged to be a violation of the Information Practices Act of 1977 and other laws.[1]  (Civ. Code, §1798 et seq.)

---

[1]     In a letter to Plaintiff dated September 28, 2009, CDC advised him that "[a]lthough, there was a past practice of utilizing inmate workers in certain institution processes, the practice of utilizing inmates in the fingerprinting and photographing of inmates no longer exists."

The general allegations of the first amended complaint allege that plaintiff is serving a life sentence under the three strikes law. (Pen. Code, §§ 667, subds. (b)–(i), 1170.12.) He was convicted in 1985, and this conviction was used at a subsequent trial as a strike enhancement.[2] The prior conviction was proven by records submitted under Penal Code section 969b. Included in the Penal Code section 969b package were a fingerprint card and a photograph. The fingerprints were taken by inmates at the CDC reception center at Chino Institute for Men, as was the photograph. (See Pen. Code, § 2082.) Part of the relief sought is notification of persons receiving the Penal Code section 969b package that the fingerprint and photographic records were prepared by prisoners, not correctional officers.

Although plaintiff has gone to elaborate lengths to submit evidence, including numerous declarations of other inmates, to prove his contention that inmates performed these functions at the reception center, we accept these factual allegations as true for purposes of reviewing the demurrer.[3]

---

[2]     Plaintiff does not specify when he was convicted under the three strikes law. He does state that he was arrested for the present offense in February 1995 and has been incarcerated 16 years.

[3]     We note that the director's level appeal decision states that "during the mid 1980s Permanent Work Crew (PWC) inmates did in fact fingerprint incoming inmates." (See also fn. 1, *ante*, p. 3.)

4

After describing his extensive attempts to obtain his records and his various appeals within the prison system, plaintiff describes various statutes that he believes were violated by the use of inmates to perform duties at the prison reception centers.[4]

Incorporating these general allegations into each cause of action, plaintiff then attempts to allege eight causes of action.

The first cause of action alleges that defendants intentionally failed to comply with the Information Practices Act of 1977. (Civ. Code, § 1798 et seq.) Plaintiff specifically alleges he "is suffering as a proximate result of each defendant's individual and collective failures to comply with the provisions of the [Information Practices Act] and the rules promulgated thereunder."[5] (Capitalization omitted.)

The second cause of action is for "intentional failure and misrepresentation in records maintained." (Capitalization omitted.) Under this heading, plaintiff alleges violations of various statutes arising from the use of inmates "to perform the official business of the State by reporting and recording personal information in the records created while processing new arrivals into prison."

---

[4]   As noted above, we disregard contentions, deductions, and conclusions of fact or law in reviewing the sufficiency of the first amended complaint.

[5]   California Code of Regulations, title 15, section 3041, subdivision (e) states: "Inmates in assignments where they will type, file, or otherwise handle any nonconfidential information pertaining to another inmate shall comply with all state Information Practices Act (Civil Code § 1798, et seq.) requirements." The section goes on to designate such inmates as "special agents" of CDC as defined in Civil Code section 2297.

5

The third cause of action is for "willful misconduct." (Capitalization omitted.) The alleged misconduct includes the actions of defendants in refusing plaintiff's request to "amend" the records.[6] Plaintiff further alleges the defendants acted with "a malicious intent to cause injury in the past, and a willful and conscious disregard for the substantive rights of plaintiff" as established by the Constitution, statutes, and CDC rules.

The fourth cause of action is for fraud. It alleges various acts, or failures to act, by defendants in justifying reliance on the inmate-created records.

The fifth cause of action is for negligent infliction of emotional distress. Plaintiff alleges that he has suffered emotional distress and physical injuries as a result of defendants' violation of his rights.

The sixth cause of action is entitled "intentional failure by a state agency to comply to [*sic*] the Administrative Procedures Act (APA)" under Government Code section 11340 et seq. (Capitalization omitted.) Incorporating the previous 128 paragraphs, plaintiff alleges that the defendants have deprived him of various rights and have refused to amend the records.

The seventh cause of action is for "intentional failure to report and record records" under Penal Code sections 13100 et seq. (Capitalization omitted.) Plaintiff alleges that, under the facts stated above, he has suffered enhancements under the three strikes law

---

[6] Plaintiff places the word "amendment" in quotes. Presumably, he wants his fingerprint card and photograph deleted from his prison file, disregarding several statutes that require such information to be kept in the file. (See, e.g., Pen. Code, § 2082.)

because the official duties to photograph and fingerprint prisoners were not performed by public officials.

The eighth cause of action is titled "intentional disclosure of personal information." (Capitalization omitted.) Under this heading, plaintiff contends that defendants wrongfully contend that CDC's records maintenance practices are lawful under California Code of Regulations, Title 15, section 3041, subdivision (e) and Civil Code section 1798 et seq. He alleges various physical and emotional injuries as a result of defendant's actions.

Finally, plaintiff includes "further allegations to all causes of action." (Capitalization omitted.) Under this heading, he includes quotes from case law, allegations relating to his discovery of the use of inmates to create records, and his contention that the prison records were materially falsified by the use of inmates to create them.

A large volume of evidentiary material is attached to the complaint, including plaintiff's appeals through the correction system's appeal process; declarations of other inmates; and copies of various statutes, rules, and regulations.[7]

---

[7] Plaintiff also submitted a lengthy request for judicial notice of various documents. The register of actions does not show a trial court ruling on the request. Nevertheless, since the request is in our record and most, if not all, of the request is duplicative of other documents in our record, we will consider the request to have been granted.

III

THE DEMURRER

On August 3, 2011, defendants filed a demurrer to the first amended complaint and a separate motion to strike a punitive damages request. The accompanying memorandum of points and authorities argued that (1) plaintiff failed to file his complaint within the time limits established by the Tort Claims Act; (2) the claim against CDC was barred by the statute of limitations; (3) plaintiff failed to exhaust his administrative remedies with regard to the named individual defendants; (4) the complaint was ambiguous, uncertain, and unintelligible; (5) plaintiff failed to state facts sufficient to state a cause of action against defendants; and (6) defendants were entitled to qualified immunity. The demurrer was sustained without leave to amend. Since a transcript of the hearing on the demurrer is not in our record, we do not know the specific grounds upon which the demurrer was sustained.

On appeal, defendants argue that (1) plaintiff's complaint is barred by the statute of limitations; (2) plaintiff failed to exhaust his administrative remedies; (3) plaintiff's first amended complaint is ambiguous, uncertain, and unintelligible; and (4) defendants are entitled to qualified immunity.

IV

DISCUSSION

We first focus on the qualified immunity argument. Defendants argue that CDC itself is not liable for injury to any prisoner under Government Code section 844.6. That

8

section provides that, with some exceptions, a public entity is not liable for injury to a prisoner. However, that section also provides that it does not exonerate a public employee from liability for injury proximately caused by his negligent or wrongful act or omission. (Gov. Code, § 844.6, subd. (d); *Ne Casek v. Los Angeles* (1965) 233 Cal.App.2d 131, 140-141.)

The first amended complaint names 11 individual defendants. Specific allegations are made against eight individuals. Apparently, not all individual defendants were served, but it is not clear how many persons were served. Defendants' counsel represents four individual defendants: Rodriguez, Cates, Long, and Murphy. We will therefore confine our discussion to those four individuals.

As defendants point out, there is no allegation that these four individual defendants had anything to do with inmate intake procedures in 1985. Instead, they are administrators who exercised their discretion in deciding plaintiff's administrative appeals.

Specifically, defendant Murphy is a correction case records supervisor at Ironwood State Prison. Defendant Long is chief deputy warden at the prison. On April 6, 2009, they both signed a letter denying plaintiff's second level administrative appeal. They also sent an amended decision letter that granted plaintiff's request to view his fingerprint card and photograph and to obtain copies.

Matthew Cates is named as the director of corrections. Defendant Rodriguez is chief of correctional record services. On September 28, 2009, Rodriguez wrote a letter to

9

plaintiff in response to a letter he had written to Director Cates. She denied plaintiff's requests and pointed out that Penal Code section 2081.5 requires the director to keep complete case records, including fingerprint records and inmate photographs. She also noted that the contents of the prior conviction packet are prescribed by Penal Code section 969b.

These four individuals were only involved in the appeal process, and their discretionary decisions in that process are immune from liability under Government Code section 820.2. (*Rubino v. Lolli* (1970) 10 Cal.App.3d 1059, 1063-1064.)

In addition, as defendants point out, the only completed administrative review was of plaintiff's request to obtain copies of his fingerprint record and photograph from 1985. By the time of the director's level appeal, those documents had been provided to plaintiff. Plaintiff's other requests for CDC action were denied on grounds that Penal Code section 969b required the inclusion of the fingerprint card and photograph in the prior conviction records.[8] Although the letter concludes by stating that plaintiff had exhausted his administrative remedies, the reference must be taken to refer to the remedies requested of CDC, the subject of the letter.

---

[8] The relevant portion of the director's level appeal decision states, "[It was] confirmed that during the mid 1980s Permanent Work Crew . . . inmates did in fact fingerprint incoming inmates. However, the inmates were under the constant supervision of correctional staff and the institution did not violated departmental policy or procedure in doing so."

10

Plaintiff did not pursue any administrative level actions against any of the four individual respondents. The failure to exhaust remedies prevents any action against the individual defendants. (*Wright v. State of California* (2004) 122 Cal.App.4th 659.) And, as noted above, these individuals are not alleged to have been involved in the gravamen of the action, i.e., the use of inmates to roll fingerprints and take photographs under 1985 intake procedures. There are also no factual allegations to connect any of plaintiff's alleged injuries to any action taken by any of the four named individuals.

The statute of limitations also provides a defense to allegations that the 1985 procedures violated constitutional, statutory law, or CDC rules. (Code Civ. Proc., §§ 335.1, 338.) We therefore agree with defendants that plaintiff has not pled any facts to overcome these hurdles and cannot do so.

But even if the defenses raised by defendants could be overcome and we reached the merits of the case, the striking feature about plaintiff's lengthy complaint is that he does not allege that the fingerprint record is incorrect or inaccurate in any way or that the photograph is not his photograph.

As the director's level decision points out, the fingerprint card bears plaintiff's signature. Thus the inclusion of the two documents in any Penal Code section 969b package to identify plaintiff and prove that he had suffered a prior conviction under the three strikes law could not have prejudiced him. Although there is a presumption that official duty was regularly performed, plaintiff's trial attorney could have submitted any evidence or argument to attempt to rebut the presumption by persuading the court or jury

11

that the CDC had violated the Constitution, statutory law, or CDC rules in the manner in which it obtained or kept the records in the section 969b packet.[9]

In effect, plaintiff is seeking to make an end run around a very old determination that he suffered a prior conviction by attempting to void a three strike law prior conviction enhancement. Such collateral attacks on long-decided issues are not generally permissible. (See, e.g., *Todhunter v. Smith* (1934) 219 Cal. 690, 694-695; *Younan v. Caruso* (1996) 51 Cal.App.4th 401, 406-407.)

Plaintiff also alleges various mental and physical injuries allegedly caused by the use of inmates to roll finger prints and take a picture of him. But he alleges no facts to establish a causal relationship between the inmates' actions and his mental or physical condition. It merely appears that he is distressed by his three strikes sentence.

V

DENIAL OF LEAVE TO AMEND THE COMPLAINT

Plaintiff argues that the trial court abused its discretion in sustaining the demurrer without leave to amend. He cites *Cantu v. Resolution Trust Corp.* (1992) 4 Cal.App.4th 857. The court said: "When a trial court sustains a demurrer without leave to amend, the appellate court also reviews that ruling for abuse of discretion. [Citation.] A trial court does not abuse its discretion when it sustains a demurrer without leave to amend if either

---

[9]     In a letter to Plaintiff dated September 28, 2009, CDC specifically advised him that "You, or an attorney representing you, have the right to challenge the use of these documents in any court proceedings where proof of a prior prison term is introduced."

(a) the facts and the nature of the claims are clear and no liability exists, or (b) it is probable from the nature of the defects and previous unsuccessful attempts to plead that the plaintiff cannot state a claim.  [Citation.]  [¶]  Again, the burden falls squarely on [plaintiff] to show what facts he could plead to state a cause of action if allowed the opportunity to replead.  [Citation.]  To meet this burden, a plaintiff must submit a proposed amended complaint *or, on appeal, enumerate the facts and demonstrate how those facts establish a cause of action.*  [Citations.]"  (*Id.* at pp. 889-890, italics added.)

Accordingly, plaintiff has submitted a 28-page supplement stating the "enumerated facts" which he contends establish his alleged causes of action. (Capitalization omitted.)  Although the supplement contains an exceedingly thorough list of statutes and rules allegedly violated by CDC, it does not allege any new facts.  Nor does it demonstrate how plaintiff would amend the complaint to overcome the procedural and substantive hurdles discussed above.

Plaintiff does propose a new cause of action, entitled "Unfair Competition in Violation of Business and Professions Code section 17200 et seq."  Section 17200 is the beginning of the chapter containing the Unfair Practices Act.  The section defines "unfair competition" as "any unlawful, unfair or fraudulent business act or practice . . . ."  The purpose of the law is to extend to consumers protections formerly available to business competitors.  (*Bank of the West v. Superior Court* (1992) 2 Cal.4th 1254, 1264.)  An action under the Unfair Practices Act treats violations of other laws in a business context

as unlawful business practices. (*Farmers Ins. Exchange v. Superior Court* (1992) 2 Cal.4th 377, 383.)

Plaintiff has not alleged, nor proposed to allege, any facts showing that such business activity is involved in this case. Nor has he alleged any new facts which would support this or any other alleged cause of action. Even if he were able to do so, he clearly cannot overcome the procedural and substantive difficulties that led the trial court to sustain the demurrer.

"Leave to amend is properly denied when the facts are not in dispute and the nature of the claim is clear, but there is no liability under substantive law. [Citation.] '[All] intendments weigh in favor of the regularity of the trial court proceedings and the correctness of the judgment. Unless clear error [or] abuse of discretion is demonstrated, the trial court's judgment of dismissal following the sustaining of defendants' demurrer will be affirmed on appeal [citation].' [Citation.]" (*Wilhelm v. Pray* (1986) 186 Cal.App.3d 1324, 1330.)[10]

Plaintiff has not met his burden of demonstrating that he can allege additional facts sufficient to overcome the procedural and substantive obstacles to his case. Accordingly, the trial court did not abuse its discretion in sustaining defendants' demurrer to the first amended complaint without leave to amend.

---

[10] The quote in *Wilhelm* is from *Owens v. Foundation for Ocean Research* (1990) 107 Cal.App.3d 179, 185. *Owens* was disapproved on other grounds in *Applied Equipment Corp. v. Litton Saudi Arabia Ltd.* (1994) 7 Cal.4th 503, 521, fn. 10.

14

## VI

## DISPOSITION

The judgment is affirmed.  Defendants are awarded costs on appeal.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RICHLI

J.

We concur:

McKINSTER

      Acting P. J.

KING

      J.